(Practice.)

## Macker's Heirs v. Thomas.

In real actions, the death of the ancestor, without having appeared to the suit, abates the suit, and it cannot be revived and prosecuted against the heirs of the original defendant.

If the heirs be made parties by order of the Court in which the suit is brought, and judgment is entered against them by default for want of a plea, upon a summons and count against the original defendant, they may sue out a writ of error, and reverse the judgment.

*March 15th.* Mr. Justice WASHINGTON delivered the opinion of the Court.

This is a writ of error to a judgment of the Circuit Court for the District of Kentucky. The defendant brought a writ of right in that Court against John Macker, the ancestor of the plaintiff in error, for an undivided moiety in a certain tract of land. After a summons served upon Macker, he died. without having appeared to the suit, and a rule was obtained by the plaintiff below, upon the heirs of the defendant, to show cause why the suit should not be revived against them. This rule being served and no cause shown to the contrary, the suit, by order of the Court, was revived against the heirs, the plaintiffs in error, and at a subsequent term of the Court, judgment by default was entered against them, from which judgment this writ of error is prosecuted.

The main question for the decision of this Court is, whether the Circuit Court erred in directing the suit to be revived against the heirs of Macker, and ren-

dering judgment against them ? The Court consider this point to have been decided in the case of *Green v. Watkins,* 6 *Wheat. Rep.* 260. The question there was, whether in real actions, the death of either party, after a writ of error sued out, abates the suit; and it was decided that it did not. But in examining the general principles of law upon the subject of abatement by the death of parties, it was distinctly laid down, that in real and personal actions, the death of either party, before judgment, did at common law abate the suit; and that the 31st section of the Judiciary Act of 1789, c. 20., was necessary to enable the action to be prosecuted by or against the representatives of the deceased party, when the cause of action survived. But this section is clearly confined to personal actions, as the power to prosecute or defend is given to the executor or administrator of the deceased party, and not to the heir or devisee.

It is objected by the counsel for the defendant in error, that the defendants in the Court below could not sue out and prosecute a writ of error, because they failed to appear and plead to the suit in that Court. No case was referred to in support of this objection, and it is confidently believed that none can be found to countenance it. Although the plaintiffs in error did not plead to the suit, they were nevertheless made parties to it by the order of the Court, and as such, judgment was rendered against them, and that too upon a summons and count against the ancestor. Being, then, parties to the suit, and affected by the judgment against them, they were

clearly entitled to sue out a writ of error; and although the judgment was entered by default for want of a plea, they may be injured not less by such judgment, than if it had been entered upon a verdict. If judgment in an action of trespass be rendered against one defendant by default, and in favour of the other defendant upon a plea, the former may alone bring a writ of error. (*Lev.* 220. *Hob.* 70.) If it should be said that the appearance of the plaintiffs in error in the Circuit Court, by an attorney of that Court, cured the error committed in reviving the suit against them, the answer is, that by the death of the ancestor, a new cause of action arose against the heirs, and the plea is not in the same condition as it was in the lifetime of the party.[a] The suit having once abated by the death of the defendant, it was out of Court, and a new summons and count against the heirs was necessary. Besides, the appearance was not voluntary, but was the consequence of an erroneous order of the Court, enabling the plaintiff below to prosecute the suit against the heirs.

It is objected, in the last place, that if the plaintiffs have a right to prosecute this writ of error, they nevertheless cannot assign for error the order of the Court reviving the suit, because they failed in that Court to appear and except to the opinion of the Court in relation to the order. But an exception to the opinion of the Court is only necessary when the alleged error could not otherwise appear upon the record. The error in this case was in ordering

a Green v. Watkins, 6 *Wheat. Rep.* 262.

the suit to be revived and prosecuted against the heirs of the original defendant, and proceeding to render judgment against them upon a summons and count against the original defendant, all which sufficiently appears upon the face of this record.

JUDGMENT. This cause came on to be heard on the transcript of the record of the Circuit Court of the United States for the district of Kentucky, and was argued by counsel for the defendant in error. On consideration whereof, this Court is of opinion that the said Circuit Court erred in ordering the suit to be revived and prosecuted against the heirs of the original defendant, and proceeding to render judgment against them upon a summons and count against the original defendant. It is therefore ADJUDGED and ORDERED that the judgment of the said Circuit Court in this case be, and the same is hereby, reversed and annulled. And this Court proceeding to render such judgment as the said Circuit Court should have rendered, it is farther ADJUDGED and ORDERED that the said suit be, and the same is hereby abated.