CURRELL et al. v. VILLARS et al.

(Circuit Court, W. D. Tennessee, W. D. February 28, 1896.)

1. EQUITY PRACTICE—ABATEMENT AND REVIVAL.
   When a suit in equity, which seeks, with other relief, the recovery of real estate, abates in consequence of the death of a complainant, whose

interest in the real estate devolves upon other persons, the proper method of reinstating the suit is by a supplemental bill, or bill in the nature of a supplemental bill, and not by a bill of revivor.

2. WILLS—EFFECT AS CONVEYANCE—FOREIGN PROBATE—TENNESSEE CODE.

When a will is executed in a foreign country, and is proven, as required by section 3012 of the Tennessee Code, before a foreign court having the requisite probate jurisdiction, the record of the probate affirmatively showing the probate by such proof, and authenticated as provided in section 4550, it will pass title to real estate in Tennessee, as a common-law conveyance, without registration.

3. SAME—CONTENTS OF CERTIFICATE OF PROBATE.

A certificate of probate in a foreign court which states that the will was "proved by * * * the executors," though showing, by the exemplification, that it was duly attested by two witnesses, does not show probate in accordance with section 3012 of the Tennessee Code, providing that written wills, with witnesses, when not contested, shall be proved by at least one of the subscribing witnesses, if living, and, if contested, by all the living witnesses, if to be found.

C. F. Vance, for complainants.

W. M. Randolph & Sons, for respondents.

TAFT, Circuit Judge. This is an action in equity for relief, part of which is the recovery of real estate situated in Memphis. Andrew Currell, one of the complainants, has died since the bringing of the bill, and the cause now comes on, upon a bill in the nature of a bill of revivor, to revive the cause in the name of the executor and trustee under the will of Andrew Currell.

Section 955, Rev. St. U. S., provides as follows:

"When either of the parties, whether plaintiff or petitioner, or defendant, in any suit in any court of the United States, dies before final judgment, the executor or administrator of such deceased party may, in case the cause of action survives by law, prosecute or defend any such suit to final judgment. The defendant shall answer accordingly, and the court shall hear and determine the cause, and render judgment for or against the executor or administrator as the case may require. And if such executor or administrator, having been duly served with a scire facias from the office of the clerk of the court where the suit is depending, twenty days beforehand, neglects or refuses to become party to the suit, the court may render judgment against the estate of the deceased party, in the same manner as if the executor or administrator had voluntarily made himself a party. The executor or administrator who becomes a party as aforesaid shall, upon motion to the court, be entitled to a continuance of the suit until the next term of said court."

It is in reliance upon this statute that counsel for the complainants presses the bill for the revivor. A certified copy of the proceedings, in which the will of Andrew Currell was probated in Ireland, has been filed, and this bill of revivor is brought in the name of William Gihon, trustee and executor thereunder; the other executor, John Workman, named in the will, having renounced the office of executor and trustee. Objection is made to granting the revivor, on the ground that the will is not properly certified as a foreign will, and, secondly, on the ground that the will was not so proved in the court where it was probated in Ireland as to pass real estate under the law of Tennessee.

A preliminary objection not made by counsel addresses itself to the court, and that is whether this cause can be revived at al'

in the strict meaning of that term. It was held by the supreme court, in the case of Macker's Heirs v. Thomas, 7 Wheat. 530, that the section relied upon (section 955 of the Revised Statutes, which was the thirty-first section of Judiciary Act 1789, c. 20), related only to personal actions, because the power to prosecute or defend is given to the administrator of the deceased party, and not to the heir or devisee. It was also decided, in that case, that, in real actions, the death of either party abated the suit, and Green v. Watkins, 6 Wheat. 262, was cited in support of this conclusion. This is a real action in equity. It abated on the death of Andrew Currell. A new right of action arose of the same character in favor of the heirs or devisees of the deceased complainant.

Equity rules 56, 57, and 58 are as follows:

Rule 56: "Whenever a suit in equity shall become abated by the death of either party, or by any other event, the same may be revived by a bill of revivor, or a bill in the nature of a bill of revivor, as the circumstances of the case may require, filed by the proper parties entitled to revive the same, which bill may be filed in the clerk's office at any time; and, upon suggestion of the facts, the proper process of subpœna shall, as of course, be issued by the clerk, requiring the proper representatives of the other party to appear and show cause, if any they have, why the cause should not be revived. And if no cause shall be shown at the next rule day, which shall occur after fourteen days from the time of the service of the same process, the suit shall stand revived, as of course."

Rule 57: "Whenever any suit in equity shall become defective from any event happening after the filing of the bill (as, for example, by change of interest in the parties), or for any other reason a supplemental bill, or a bill in the nature of a supplemental bill, may be necessary to be filed in the cause, leave to file the same may be granted by any judge of the court, on any rule day, upon proper cause shown, and due notice to the other party. And if leave is granted to file such supplemental bill, the defendant shall demur, plead, or answer thereto, on the next succeeding rule day after the supplemental bill is filed in the clerk's office, unless some other time shall be assigned by a judge of the court."

Rule 58: "It shall not be necessary, in any bill of revivor or supplemental bill, to set forth any of the statements in the original suit, unless the special circumstances of the case may require it."

It is clear that the proper course for the heirs and devisees of Currell is to file a supplemental bill, or a bill in the nature of a supplemental bill, under equity rule 57, instead of a bill of revivor under rule 56. The suit has become defective by a change of interest in the parties.

Assuming that this will be done, I proceed to consider the question as to what is necessary, in Tennessee, to pass title by a will executed in a foreign country.

Section 3003 of the Code of Tennessee provides that:

"No will or testament shall be good or sufficient to convey or give an estate in lands, unless written in the testator's lifetime, and signed by him, or by some other person in his presence and by his direction, and subscribed in his presence by two witnesses at least, neither of whom is interested in the devise of said lands."

Section 3010 provides:

"Wills shall be proved and recorded, and letters testamentary granted, in the court of the county where the testator had his usual residence at the time of his death, or in case he had fixed places of residence in more than one county, in either or any of said counties."

Section 3012 provides:

"Written wills, with witnesses thereto, when not contested, shall be proved by at least one of the subscribing witnesses, if living. And every last will and testament, written or nuncupative, when contested, shall be proved by all the living witnesses, if to be found, and by such other persons as may be produced to support it."

Section 3022 provides that:

"Wills executed in other states, or in any of the territories, or in the District of Columbia, shall be proved according to the laws of this state, and certified in the manner prescribed by the act of congress."

Section 3023 provides that:

"A copy of a will so certified shall be registered in the county where the land lies, and a copy from the books of the register duly certified shall be evidence."

Section 3024 provides that:

"And where the last will and testament of any person deceased is proved in a court of any state or territory of the United States, or before the mayor of any city, any person interested may present a copy thereof, duly authenticated, to the county court of any county in the state where the land or estate devised or disposed of by the will is situated; and thereupon such court may order the same to be filed and recorded, and said copy, when so recorded, shall have the same force and effect as if the original had been executed in this state, and proved and allowed in the courts of this state."

Section 3025 provides that:

"And said will, if proved according to the laws of this state as to wills, and executed within the limits of this state, shall be sufficient to pass lands and other estate."

Section 3026 provides that:

"In those cases where the will is proved before a court of any other state or territory, the copy shall be authenticated in the manner prescribed by the act of congress of 1790, section 2, chapter 11, for authenticating the records and judicial acts of any one state in order to give them validity in any other state."

It appears that, previous to 1875, an alien was not permitted to hold or transmit real estate in Tennessee, but by chapter 2, § 2, of the Laws of that year, now incorporated as section 2804 of Milliken & Vertrees' Revised Code, it was provided that:

"An alien, resident or nonresident, may take and hold property, real or personal, in this state, either by purchase, descent or devise, and dispose of and transmit same by sale, descent or devise, as a native citizen; and in all cases where aliens, resident or nonresident, have heretofore acquired title to property, real or personal, in this state, in a lawful manner, said aliens, their assigns, heirs, devisees or representatives shall hold and dispose of the same, in the same manner as native citizens."

There is no specific provision in the statutes of Tennessee prescribing how a will executed and probated in a foreign country shall be authenticated for use as evidence and as a muniment of title; in Tennessee, and in the absence of such a provision, section 4550 of the Code of the state must have application to this case. That section provides that copies of the records and proceedings in the courts of a foreign country may be admitted in evidence upon being authenticated as follows:

"(1) By official attestation of the clerk or officer in whose custody such records are usually kept. (2) By the certificate of one of the judges or magistrates of such court, that the person so attesting is the clerk or officer legally intrusted with the custody of such records, and that the signature to his attestation is genuine. (3) By the official certificate of the officer who has the custody of the great seal of the government under whose authority the court is held, attested by said seal, stating such court is duly constituted, and has jurisdiction of the subject of the record, and that the seal of the court is genuine."

When a will is executed in a foreign country, and is proven as required by section 3012 of the Tennessee Code before a foreign court having the requisite probate jurisdiction, the record of the probate affirmatively showing the probate by such proof, and authenticated as provided in section 4550, it will·pass title to real estate in Tennessee as a common-law conveyance without registration. In the case of Smith v. Neilson, 13 Lea, 461, Judge Cooper laid down the Tennessee law on this subject as follows:

"It was the settled rule of English law, recognized by our courts as in force in this state, that a devise of land was in the nature of a conveyance and special appointment, passing only the title to the testator at the date of publishing the will. Brydges v. Duchess of Chandos, 2 Ves. Jr. 427; Wynne v. Wynne, 2 Swan, 407. There was no provision in England, until recently, for the probate of wills of realty by the probate courts, so as to conclude all parties in interest; and it was necessary to establish such a will by proof whenever any question occurred in court involving its validity. Habergham v. Vincent, 2 Ves. Jr. 230. At common law, therefore, a devise of land was good· without probate of the will containing it. Weatherhead v. Sewell, 9 Humph. 272, A foreign will, duly authenticated, might be introduced in evidence as a muniment of title. Donegan v. Taylor, 6 Humph. 501."

The court then proceeds to hold that the will, duly authenticated in accordance with the statute, may still be used as a muniment of title. In Bleidorn v. Mining Co., 89 Tenn. 166, 15 S. W. 737, the supreme court of Tennessee again considered this question, and, in· the reported opinion by Judge Lurton, held that a will conveying lands in Tennessee operated as a conveyance without registration in Tennessee, and affirmed the case of Smith v. Neilson, already referred to.

It remains to consider whether the record here presented fulfills the requirements above stated, so as to operate as a conveyance. It will save time to have this question decided now, on a bill for revivor, instead of waiting until the question arises on the hearing of the merits.

The certificate is entitled: "In the High Court of Justice in Ireland, Probate and Matrimonial Division. The District Registry at Belfast." It begins as follows:

"Be it known that, upon search being made in the district registry of her majesty's high court of justice at Belfast, it appears that, on the twentieth day of March, in the year of our Lord one thousand eight hundred and ninety-five, the last will of Andrew Currell, late of Ballygarvey, Ballymena, in the county of Antrim, merchant, deceased, who died at Ballygarvey, on or about the 9th day of January, one thousand eight hundred and ninety-five, was proved by William Gihon, of Lionafillan, Ballymena, aforesaid, Esquire, justice of the peace, one of the executors therein named,—John Workman, the other executor, having duly renounced,—which probate now remains of record in the said registry. The true tenor of the said probate is in the words following, to wit: [Then follows the will.]

" 'In witness whereof, I have signed my name at the end of this my will, which is contained on this and twenty preceding pages of paper, this seventh day of May, one thousand eight hundred and ninety-four.

" 'Andw. Curell.

" 'Signed by the said testator, Andrew Curell, as and for his last will and testament, in the presence of us both, being present at the same time, who, in his sight and presence, at his request, and in the presence of each other, have hereunto subscribed our names as witnesses.

" 'George L. MacLaine, Clerk of Peace, Co. Down.
" 'William Anderson.'

"In faith and testimony whereof these letters testimonial are issued.

"Given at Belfast, this twentieth day of May, in the year of our Lord one thousand eight hundred and ninety-five.

"Henry H. Corley, District Registrar.

"I, the Right Honorable R. R. Warren, president of the probate and matrimonial division of the high court of justice in Ireland, hereby certify that the foregoing exemplification of the probate of the will of Andrew Currell, deceased, was duly issued, and that the foregoing attestation has been duly made, with the seal of office annexed, by Henry H. Corley, district registrar, who is the person having power to grant such exemplification.

"Richard R. Warren.'

"[And the seal of her majesty's high court of justice, probate division.]"

It is objected that this is not a certificate showing that the proof of the will is in accordance with the laws of Tennessee. This objection must be sustained. A presumption, from an Irish statute, or the common-law rule of evidence in the proving of a will, that the oaths of the subscribing witnesses were used to prove the will is not sufficient; for it is laid down in Harris v. Anderson, 9 Humph. 779, 780 (and I do not find that this rule has since been in any degree changed), that:

"The clerk ought to certify a literal copy of the probate from the record, to the end that it may appear whether or not the will has been proved in the mode prescribed by law. A recital by him of what may be deemed its import is unauthorized and inadmissible."

Marr v. Gilliam, 1 Cold. 488, 512; Carr v. Lowe, 7 Heisk. 88.

It has been held, in a number of cases, that, if it appears that the proof was by the oaths of the subscribing witnesses, under a certificate of the clerk, that will be sufficient. Wright v. Mongle, 10 Lea, 38–42. But here the certificate is that the will was proved by the executor. I should have no difficulty in holding that this meant that the will was propounded by the executor, and not that it was proved by his evidence; but the record lacks the statement that the will was proved by the oaths of the subscribing witnesses. The certificate or exemplification of the record is also defective because the third requisite mentioned in section 4550 quoted above is wholly wanting. For the two reasons stated, therefore, the order of revivor is refused.

I might add that, under the provisions of the will, the persons who should properly be admitted as parties by supplemental bill, under equity rule 57, are the executor and trustee and the children of Andrew Currell living at the time of his death, because each of the latter has a possible estate in expectancy under the will. It may be doubted whether the title passes to the trustee and executor at all. He would seem only to have the power to lease, and

not the power to sell. Therefore, a vesting of the fee in him is not required for the purposes of the trust. However this may be, his interest will cease upon the coming of the children to their majority, when the estate in fee will vest either in the eldest of the sons or in all of the living daughters. The application, therefore, should be made in the names of these devisees; and, out of abundant caution, the trustee may be joined.

The clerk will enter an order denying the application for a revivor, and leave will be granted to the devisees and trustee of the deceased complainant within three months to file a supplemental bill to substitute themselves as parties complainant, instead of the deceased complainant, Andrew Currell, and, upon duly exemplified and authenticated record evidence of the proper proof and probate of the will in Ireland, according to the laws of Tennessee, the prayer of the supplemental bill will be granted.