## In re APPEL.

### (District Court, D. Nebraska. June 28. 1900.)

1. BANKRUPTCY—COMMENCEMENT OF PROCEEDINGS.

Under Bankr. Act 1898, for jurisdictional purposes, so far as relates to the application of periods of limitation, proceedings in involuntary bankruptcy are commenced by the filing of the original petition, and not by the service of the order on the defendant.

2. SAME—SERVICE OF ORDER OUTSIDE OF DISTRICT—JURISDICTION.

Where service of the order on a petition in involuntary bankruptcy is made upon the defendant outside the district, without an appearance on his part, no order can be made which will apply to him in person, but the proceeding will affect only property within the district which can come into possession of the trustee.

In Bankruptcy. On objections to jurisdiction.

Sam Appel was in business in Fremont, Neb., and continued to reside there until August 29, 1899, on which date he removed to Chicago. On September 1, 1899, three creditors (Julius Herman & Co., Stern, Falk & Co., and Arnold, Louchheim & Co.) filed a petition against Sam Appel in bankruptcy. Subpœna was forthwith issued, but not served, as Sam Appel from and after August 29, 1899, had been a resident of Chicago, and continuously absent from the Nebraska district. On October 6, 1899, Keith Bros. & Co., Kohn Bros., and Sweet, Dempster & Co. filed in court proof of their respective claims against Appel. March 8, 1900, these interveners filed a petition in intervention, and on April 4, 1900, service was made of the original petition and petition of intervention upon Appel in Chicago.

William A. De Bord, for intervening creditors.
Courtright & Sidner, for bankrupt.

MUNGER, District Judge. This is a proceeding in involuntary bankruptcy. Defendant has made a special appearance, challenging the jurisdiction of the court upon the ground that he was neither a resident of, nor did business within, the district of Nebraska for the greater portion of six months preceding the commencement of this action. Certain alleged creditors of bankrupt filed their petition in this court to have the defendant adjudged a bankrupt within the period of time which would give this court jurisdiction. No subpœna was served upon said application. Subsequently other creditors intervened, asked to be made parties, and obtained an order for service upon defendant outside of the district. The question turns upon the proposition as to whether the action or proceeding was commenced by the filing of the original petition, or whether the commencement of the proceeding is to date from the order which was served upon the defendant. A careful reading of the bankruptcy law and the adjudications thereof leads to the inevitable conclusion that for jurisdictional purposes, so far as applying periods of limitations, the action was commenced at the date of filing of the original petition. Service of the order, however, having been made upon the defendant outside of

the district, it is equally clear, in my judgment, that, without an appearance upon the part of the defendant, no order can be made which will apply to the bankrupt in person. It can only proceed as a proceeding against the property of the bankrupt, if any, within the jurisdiction of the court, and which can come into the possession of the trustee. The special appearance will be overruled, and 20 days given the defendant to determine whether or not he will stand on the special appearance, or answer or plead further in the case.