### SHUTE et al v. PATTERSON et al.

'(Circuit Court of Appeals, Eighth Circuit.  June 23, 1906.)

#### No. 2,275.

1. BANKRUPTCY—DEATH OF BANKRUPT—PROCEEDINGS—ABATEMENT.

Bankrupt Act July 1, 1898, c. 541, section 1, subd. 4, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418] defines a bankrupt as a person against whom an involuntary petition has been filed, and subdivision 10 (30 Stat. 544 [U. S. Comp. St. 1901, p. 3419]) defines the terms "date of bankruptcy," "time of bankruptcy," or "commencement of proceedings," or "bankruptcy," with reference to time, to mean the date when the petition is filed.  Section 8 (30 Stat. 549 [U.S. Comp. St. 1901, p. 3425]) declares that the death of a bankrupt shall not abate the proceedings.  *Held,* that the

death of a bankrupt after the filing of an involuntary petition against him, though prior to service, does not abate the proceedings.

[Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, § 134.]

2. COURTS — FEDERAL COURTS — PROCEDURE — PARTIES — DEATH OF DEFEND-ANT—EXECUTOR OR ADMINISTRATOR—JOINDER—STATUTES.

Rev. St. § 955 [U. S. Comp. St. 1901, p. 697], providing for bringing in by scire facias the executor or administrator of the defendant in any court of the United States who dies before final judgment, is confined to personal actions.

3. BANKRUPTCY—DEATH OF BANKRUPT—HEIRS AND PERSONAL REPRESENTA-TIVES—JOINDER.

Where an alleged involuntary bankrupt died after the filing of the petition, but before service of process, his heirs and personal représentatives should be brought in and made parties to the proceeding before adjudication.

4. SAME—SUBPŒNAS.

Where heirs of an alleged bankrupt were sought to be made parties to the bankruptcy proceeding a recital in the subpœnas issued to them that the purpose of the proceedings was that they be adjudged bankrupt is erroneous.

5. SAME—TIME FOR APPEARANCE.

Where subpœnas were served on the heirs of an alleged involuntary bankrupt in Oregon, it was improper to require their appearance in Iowa within four days.

Appeal from the District Court of the United States for the Southern District of Iowa.

Saul & Helmer and Mayne & Hazelton, for appellants.
Lee & Robb, for appellees.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

HOOK, Circuit Judge. An involuntary petition in bankruptcy was filed against J. G. Caton of Dedham, Iowa, and a subpœna was issued and placed in the hands of the marshal for service. Afterwards, but before the subpœna was served, Caton died. At the instance of the petitioning creditors the court of bankruptcy ordered that service be made upon his heirs, a widow and two sons, all adults, and that the proceedings continue. Upon service so made an adjudication was had and two objecting creditors who became parties to the proceedings before the adjudication have appealed.

Two questions arise: (1) Did the death of the bankrupt before the service of the subpœna work a complete abatement of the cause so that the court could proceed no further? (2) If it did not, was service upon the heirs alone sufficient, and was it made as required by law?

The pertinent provisions of the bankruptcy act of July 1, 1898, are as follows: The term "bankrupt" includes a person against whom an involuntary petition has been filed (section 1, subd. 4, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p 3418]); the terms "date of bankruptcy" or "time of bankruptcy" or "commencement of proceedings" or "bankruptcy," with reference to time, shall mean the date when the petition was filed (section 1, subd. 10, 30 Stat. 544 [U. S. Comp. St. 1901, p.

3419]); "the death or insanity of a bankrupt shall not abate the proceedings but the same shall be conducted and concluded in the same manner so far as possible as though he had not died or become insane provided that in case of death the widow and children shall be entitled to all rights of dower and allowance fixed by the laws of the state of the bankrupt's residence" (section 8, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3425]). These provisions plainly indicate that proceedings in bankruptcy are deemed to be commenced when the petition is filed, and that they do not abate with the death of the bankrupt. By the act of 1898 Congress went further than the English act of 1883, section 8 of which provides that "if a debtor by or against whom a bankruptcy petition has been presented dies, the proceedings in the matter shall, unless the court otherwise orders, be continued as if he were alive." See In re Walker, 3 Morrell, Bankr. Cas. 69, and In re Easy, 4 Morrell, Bankr. Cas. 281. It is the exclusive province of Congress to say when such a proceeding shall be deemed to be commenced and pending in a court of bankruptcy, and what effect thereon the subsequent death of the bankrupt shall have, and it does not appear that its purpose was left in doubt. When the proceedings are once commenced the further continuance thereof after the death of the bankrupt is mandatory; it is not left to the discretion of the court. See In re Hicks (D. C.) 107 Fed. 910; Scheuer v. Smith, etc., Co., 50 C. C. A. 312, 112 Fed. 406. It is not denied that the provision of the bankruptcy act in respect of the death of the bankrupt prevents the abatement of a proceeding which has once been commenced and is pending, but it is said that it does not apply in a case in which, although the petition has been filed, process has not been served upon the bankrupt. But here again we are met with the express provision of the act that when the petition is filed that is the commencement of the proceedings; and when proceedings have been commenced they must be said to be pending. In actions that do not abate by the death of the defendant, and the one before us is of that character, it is not always necessary to their continuance that service of process shall have been previously made upon the defendant.

In re Connoway, as Receiver, 178 U. S. 431, 20 Sup. Ct. 951, 44 L. Ed. 1134. In this case the petitioner, a receiver of a national bank, had commenced an action to recover from a stockholder an assessment made by the Comptroller of the Currency. The defendant stockholder died testate before service was made upon him. His executor was summoned into the suit by writ of scire facias. Upon the objection of the executor the Circuit Court decided that no service of process having been made on the deceased it had acquired no jurisdiction over him and therefore it could acquire none over his executor in that action. The receiver applied to the Supreme Court for a writ of mandamus commanding the judges of the Circuit Court to take jurisdiction and to proceed against the executor, and it was held that notwithstanding lack of service the cause was pending in the Circuit Court at the death of the defendant, and that it was proper to bring in his representatives so that it might continue.

In Railroad v. Joy, 173 U. S. 226, 229, 19 Sup. Ct. 387, 43 L. Ed. .677, it was said:

"Whether a pending action may be revived upon the death of either party and proceed to judgment depends primarily upon the laws of the jurisdiction in which the action was commenced. If an action be brought in a federal court, and is based upon some act of Congress or arises under some rule of general law recognized in the courts of the Union, the question of revivor will depend upon the statute of the United States relating to that subject."

For the same reason the question whether at the time of the death of a party an action may be said to be pending against him in a court of the United States must be determined by the same test. As we have observed, the bankruptcy act expressly declares that when the petition is filed the proceedings are commenced. The proceedings are then pending in the court. In re Lewis (D. C.) 91 Fed. 632; In re Appel (D. C.) 103 Fed. 931; In re Stein, 45 C. C. A. 29, 105 Fed. 749. The court below was therefore right in ordering their continuance.

As to the service upon the heirs alone. It is necessary that upon the death of the bankrupt before adjudication there should be brought into the proceedings, by personal or substituted service as conditions require, those who in law represent his estate. A bankruptcy proceeding is not a mere personal action against the bankrupt for the collection of debts. Its purpose is to impound all of his nonexempt property, to distribute it equitably among his creditors and to release him from further liability. It operates both in personam and in rem and affects both the personalty and realty. If the bankruptcy proceedings now under review had not supervened the personal representatives of Caton would have succeeded to his personal estate and his heirs to his realty (at least conditionally, Laverty v. Woodward, 16 Iowa, 1, 5), and they should therefore have been made parties and jurisdiction of them obtained by proper process. Section 955 of the Revised Statutes [U. S. Rev. St. 1901, p. 697] which provides for bringing in by scire facias the executor or administrator of a defendant in any court of the United States who dies before final judgment. is confined to personal actions. (Macker's Heirs v. Thomas, 7 Wheat. 530, 5 L. Ed. 515.) It was applied by the Supreme Court in the case In re Connoway, supra, in which a defendant died before service of process. So far as bankruptcy proceedings may be considered as in equity and as involving real property, Equity Rules 56 and 57 authorize the bringing in of parties who should be present during their continuance (see Currell v. Villars (C. C.) 72 Fed. 330), but the methods there provided are not well adapted to the quick moving machinery which the act of Congress has authorized courts of bankruptcy to employ. General Order 37 promulgated by the Supreme Court applies here. It provides for the use of the equity rules and the practice and procedure in cases at law, as nearly as may be, and authorizes the modification thereof and a change in the time allowed for return of process, for appearance and pleadings, etc.

We are of the opinion that the heirs and personal representatives of the deceased bankrupt should be brought in·before adjudication, and that in doing so the court of bankruptcy may after the appropriate orders frame its process, personal or substituted, in analogy to the rules prescribed by the bankruptcy act for process to a bankrupt. The subpœnas to the heirs appearing in the record erroneously indicate that the purpose of the proceedings is that they be adjudged to be bankrupt. Again, service was made upon two of them in Oregon but four days before their appearance was required in Iowa.

The order of adjudication is therefore vacated, and the cause is remanded for further proceedings in conformity with this opinion.