### HILLS v. F. D. McKINNISS CO.

(District Court, N. D. Ohio, W. D. October 28, 1910.)

No. 1,329.

1. BANKRUPTCY (§ 52*)—NATURE OF PROCEEDINGS.

The. proceeding contemplated by the bankruptcy act of 1898 is not a mere personal action against the bankrupt for the collection of debts, but is also a proceeding in rem to impound all of his nonexempt prop-erty, to distribute it equitably among his creditors, and. the court must, if possible, so construe the act as to secure uniformity in its administra-tion.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 52.*]

2. BANKRUPTCY (§§ 14, 297*)—JURISDICTION—STATUTES.

Under Bankruptcy Act 1898, § 2,† giving courts of bankruptcy juris-diction to adjudge persons bankrupt who have had their principal place of business or residence or domicile, for the greater part of six months preceding the filing of the petition, within the territorial jurisdiction of. the court, and section 18, providing that personal service shall be made as process is served in suits in equity, and, where personal service can-not be made, notice must be given by publication as provided by law for notice by publication, and Rev. St. § 629, subd. 8 (U. S. Comp. St. 1901, p. 504), authorizing service by publication, a person who is beyond the

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes .
† Act July 1, 1898, c. 541, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420).

territorial limits of a bankruptcy court at the time of the filing of a petition, but who has for more than a year prior to a few days before the filing of a petition resided within the district, may be adjudged a bankrupt on personal service and publication without the district, though he does not appear in the proceedings, and the trustee may go outside of the district and avoid, as authorized by sections 60b, 67e, preferential transfers, notwithstanding Rev. St. § 740 (U. S. Comp. St. 1901, p. 587), providing that suits not of a local nature against a single defendant must be brought in the district in which he resides.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. §§ 14, 297.*]

**3.** STATUTES (§§ 174, 175*)—CONSTRUCTION—LEGISLATIVE INTENT.

The court in construing a statute must avoid a construction that will lead to absurdity, if that may be done without violating either the language of the statute or its manifest intent.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 254; Dec. Dig. §§ 174, 175.*]

Action by R. E. Hills, trustee in bankruptcy of L. C. Hatcher, against the F. D. McKinniss Company. Judgment for plaintiff.

H. W. Crist and C. W. Everett, for plaintiff.
Crissinger & Guthery, for defendant.

KILLITS, District Judge. This case is before the court upon the complaint of the trustee and the plea of the defendant thereto and stipulations as to facts entered into by the parties. The facts as thus agreed on and which are not controverted by the plea are as follows:

Hatcher was for more than a year prior to June 1, 1908, a resident of, and doing business in, Delaware county, Ohio, a county without this district. On the 14th of February, 1908, he gave the defendant, a corporation doing business in Marion county, Ohio, which county is within this district, a chattel mortgage on his stock of goods in Delaware county, and in April, 1908, the defendant took possession of this merchandise, and between that time and the 1st of June disposed of the same or removed it out of the jurisdiction of the Southern district of Ohio, in which Delaware county is located.

At the time of giving the chattel mortgage, Hatcher was insolvent. The defendant company was a creditor, and the mortgage was given for the purpose of preferring the defendant company.

Hatcher moved from Delaware county into Marion county about the 1st day of June, or, at least, prior to the 10th of June, when the petition in involuntary bankruptcy was filed against him in the Southern district of Ohio. He was not found within the Southern district, but was served personally and by publication without the district, conformably to section 18 of the bankruptcy law. He never at any time entered appearance to the proceedings, in which, on the 23d of April, 1909, he was adjudged a bankrupt in the Southern district. Subsequently Hills was appointed trustee.

The plaintiff trustee, in the proceedings in this court, seeks to avoid the transfer to the defendant company as a preference and to require the defendant company to answer and account for the disposition of Hatcher's property. It appears also that no property of Hatcher was found within the Southern district after the filing of the petition.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

No question is made as to the jurisdiction of this court to entertain a complaint of this character made by a trustee appointed in another district. It is conceded that, barring other considerations to be hereafter alluded to, sections 60b and 67e, one or both of them, confer jurisdiction upon this court to entertain this sort of a suit.

The exact question attempted to be raised is whether, under the facts here, the trustee, by virtue of the adjudication in the Southern district, has authority to attempt recovery of property found in another district.

The position that is taken by the defendant company is that, because neither personal service within the Southern district nor entry of appearance of the bankrupt is shown by the record, the trustee cannot go outside of the district to take advantage of the provisions of either sections 60b or 67e of the bankruptcy act, and that the adjudication attaches to only such effects of the bankrupt as may be found within the district.

Although this position is apparently supported by some authority and the question has not otherwise been discussed in any precedent found by counsel or the court, we feel that we would make sport of the evident purpose of the bankruptcy act, if not its terms, should we accept it as valid.

[1] The title of the act of 1898 expresses its purpose to be to create a uniform system of bankruptcy in the United States and territories, and Congress has seen fit in the body of the act to confer jurisdiction not only over persons and property of persons domiciled or residing within the United States, but over property within the United States owned by nonresidents thereof, and, as was said by the Circuit Court of Appeals of the Eighth Circuit, in Shute v. Patterson, 147 Fed. 509, 78 C. C. A. 75, the proceeding contemplated by this act "is not a mere personal action against the bankrupt for the collection of debts," but that its purpose is "to impound all of his nonexempt property, to distribute it equitably among his creditors, and to release him from further liability," being both a proceeding in personam and a proceeding in rem.

It seems to us that this act must be construed, if the language reasonably permits such construction, to secure uniformity in the fullest measure and to avoid an interpretation, unless the same be compelled by the language of the statute, which permits a dishonest or tricky debtor to easily escape its provisions.

[2] It was competent for Congress, of course, to determine what should be the locus of the forum in which the adjudication should be had. It might have said that the jurisdiction in which the bankrupt is found at the time of the filing of the petition should determine the forum. What it did say was that the location of the bankrupt's principal place of business or of his residence or of his domicile for the greater portion of the six months preceding the filing of the petition should be the jurisdiction in which proceedings should be begun, and the language of this second section of the act contemplates clearly the possibility of a person being adjudged a bankrupt who was beyond the territorial limits of the court at the time of the filing of the petition;

and, in order to preserve the uniformity of the law's operation, it seems clear to us that we must assume that Congress intended the same jurisdiction over, and as complete and full an administration upon, the property of a bankrupt who was without the jurisdiction of the district when the petition was filed, but whose domicile, residence, or place of business otherwise conformed to the provisions of this second section, as in a case where the bankrupt was at the time within the territorial limits of the court.

This view is strengthened by a consideration of the terms of that section of the act which provides for service (section 18), which is that personal service "shall be made upon the person therein named as defendant in the same manner that service of such process is now had upon the commencement of a suit in equity in the courts of the United States, * * * but in case personal service cannot be made, then notice shall be given by publication in the same manner and for the same time as provided by law for notice by publication," etc.

This language undoubtedly refers to Act March 3, 1875, c. 137, § 8, 18 Stat. 472 (U. S. Comp. St. 1901, p. 513), being section 629, subd. 8, of the Compiled Statutes, and, of course, it suffices to bring all referred to provisions of that act into the bankruptcy law as completely as if they were fully written therein.

Referring, then, to this portion of section 629, we may read section 18 as if it contained substantially this: That when the alleged bankrupt shall not be an inhabitant of, or found within, the district, or shall not voluntarily appear, it shall be lawful for the court to make an order directing such alleged bankrupt to appear to answer the petition by a day to be fixed, which order shall be served on such absent alleged bankrupt "if practicable, wherever found."

It seems inevitable that, by directing this manner of service in a case such as we have before us, the statute aims to clothe the court with as complete a power of adjudication and administration upon the bankrupt's property as if he had either been served within the district or had voluntarily appeared.

[3] In construing a statute, the court's first duty is to avoid a construction that will lead to absurdity, if that may be done without violating either the language of the statute or its manifest intent.

The construction asked for by defendant involves the assumption that Congress left unguarded a very obvious way to avoid the law and the uniformity of its operation, which such acts as these of Hatcher and defendant create, if the law is indeed as defendant claims.

It is clearly not within the language of the law that a bankrupt may weaken or narrow the power of the court which alone has jurisdiction over his case, by simply keeping without the district and avoiding the entry of appearance to the petition. The fact that the act so plainly makes residence, domicile, or conduct of business for something less than the whole time immediately before the filing of the petition the sole criterion of jurisdiction suggests that the personal movements of the bankrupt are immaterial.

We are referred by defendant to section 740 of the Revised Statutes

(U. S. Comp. St. 1901, p. 587), providing that suits not of a local nature against a single defendant must be brought in the district in which such defendant resides, and it is urged that section 2 of the bankruptcy act does not in any way change or modify this general provision.

We are not willing to agree with defendant that the bankruptcy act is in entire harmony with this general provision, for, as we have seen, the former omits the question of the present residence of the bankrupt altogether from the consideration of jurisdiction.

A system of bankruptcy national in its character to be uniform in its operation must of necessity be unique in its method of administration, and, when one of its provisions involving the very policy of the law is deemed inconsistent with the general law, the special provision must control.

Defendant's main reliance is upon the case of In re Appel (D. C.) 103 Fed. 931. The question before the court in that case was to determine whether, for jurisdictional purposes, touching the application of periods of limitation, proceedings in involuntary bankruptcy are commenced by the filing of the original petition without reference to the time of service of the order on the defendant. In the opinion the court uses this language, which does not appear necessary to a determination of the question before it:

"Without an appearance on the part of the defendant, no order can be made which will apply to the bankrupt in person. It can only proceed as a proceeding against the property of the bankrupt, if any, within the jurisdiction of the court and which can come into the possession of the trustee."

If we may agree with defendant that this language of the court in the Appel Case supports defendant's contention, we should disregard it, not only as mere dictum, but because it seems clearly improvident.

Subdivision 8 of section 629, Revised Statutes, which, as we have seen, is referred to in section 18 of the bankruptcy act, contains a provision applicable to Circuit Courts alone, that the adjudication regarding defendants without appearance shall affect only the property under the jurisdiction of the court within the district and which shall have been the subject of the suit. Congress had this subdivision in mind, evidently, when enacting section 18, and, if it had intended that this particular provision of the subdivision should be applicable, it certainly would have referred to it in as apt language as it employed in referring to those which direct the manner of service.

The failure of section 18 to refer to the limitations upon the effect of service without the district written into section 629, subd. 8, while making the manner of service there provided for generally applicable in bankruptcy proceedings, is significant. It seems clear that every consideration of the policy involved in a law providing for a uniform system of bankruptcy dictated the omission. The policy of a law permitting administration upon the effects of an absconding debtor for the benefit of all his creditors is as important, at least, as any other consideration moving the law's enactment.

But we do not regard this language of the court in Re Appel as

necessarily out of harmony with the position that we take, for the trustee in this very proceeding is attempting to acquire possession of the property of a bankrupt, or its equivalent, in the manner accorded him by the law.

The conclusion is that the prayer of the complaint should be granted, and the defendant be required to account for the property conveyed to it by the chattel mortgage.