**HOLLYWOOD YOUTHS, Inc.; Dixie Lou Frocks Incorporated: Churchill Weavers, Inc.; Jack Chuver, d/b/a Banner Maid Co.; Euclid Sportswear Co.; I. Jablow & Co., Inc.; M. Broder, and Abe Reinis & Sons, Inc., Appellants,**

v.

**D. D. MISTROT, Alleged Bankrupt, Appellee.**

**No. 16598.**

United States Court of Appeals Fifth Circuit.

July 19, 1957.

David L. May, Ross, Banks & May, Houston, Tex., for petitioning creditors-appellants, Hollywood Youths, Inc., Dixie Lou Frocks, Inc., Churchill Weavers, Inc., Jack Chuver, d/b/a Banner Maid Co., Euclid Sportswear Co., I. Jablow & Co., Inc., M. Broder, and Abe Reinis & Sons, Inc.

Seymour Lieberman, Houston, Tex., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

PER CURIAM.

Presented here is the simple question whether the court below erred in setting aside a default order adjudicating appellee a bankrupt pursuant to service by publication, upon his motion filed within forty-four days setting up that he was available for service within the district; and where appellants made no showing that he was not in the district or available for personal service of process. The argument before us by both parties proceeds upon the assumption that the adjudication was properly under 11 U.S.C.A. § 41(a)[1] and 28 U.S.C.A. § 1655.[2]

---

1. "Upon the filing of a petition for involuntary bankruptcy, service thereof, with a writ of subpoena, shall be made upon the person therein named as defendant. * * * Such service shall be returnable within ten days, unless the court shall, for cause shown, fix a longer time and shall be made at least five days prior to the return day, and in other respects shall be made in the same manner that service of summons is had upon the commencement of a civil action in the courts of the United States; *but in case personal service cannot be made within the time allowed, then notice shall be given by publication in the same manner as provided by law for notice by publication in suits to enforce a legal or equitable lien in courts of the United States, except that, unless the court shall otherwise, direct, the order shall be published only once and* *the return day shall be five days after such publication."* (Emphasis added.)

2. "In an action in a district court to enforce any lien upon or claim to, or to remove any incumbrance or lien or cloud upon the title to, real or personal property within the district, where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain.

"Such order shall be served on the absent defendant personally if practicable, wherever found, and also upon the person or persons in possession or charge of such property, if any. Where personal service is not practicable, the order shall be published as the court may direct, not less than once a week for six consecutive weeks.

"If an absent defendant does not appear or plead within the time allowed, the

Appellants acknowledge the general applicability of the latter statute, but contend that the emphasized portion of it has no relevance to bankruptcy cases.

On September 26, 1956, appellee filed a motion to set aside the adjudication entered August 13th, based chiefly upon the contention that said § 1655 gave him the right to such relief so long as he acted within one year. The trial court granted the motion. Appellants argue that § 1655 provides only a manner of serving process, and that the one year period is not applicable to bankruptcy adjudications.

They rest their argument chiefly upon the case of Hills v. F. D. McKinniss, Co., D.C.N.D.Ohio, 1910, 188 F. 1012. We find that case neither applicable nor persuasive. In the Hills case the property limitation ran counter to express provisions of the Bankruptcy Act, which vested the bankruptcy court with jurisdiction of all the property of the bankrupt. But the one year provision here in question does not conflict with any provision of the Bankruptcy Act, and it must be assumed that the whole statute was intended to apply in the absence of such a conflict or an express exception.[3]

There being nothing to the contrary in the Bankruptcy Act, we hold that the one year period provided in § 1655 is applicable when an adjudication is had based upon service under it.[4]

The judgment is Affirmed.

court may proceed as if the absent defendant had been served with process within the State, but any adjudication shall, as regards the absent defendant without appearance, affect only the property which is the subject of the action. When a part of the property is within another district, but within the same state, such action may be brought in either district.

"*Any defendant not so personally notified may, at any time within one year after final judgment, enter his appearance, and thereupon the court shall set aside the judgment and permit such defendant to plead on payment of such costs as the court deems just.*" (Emphasis added.)

3. It is, of course, plain that § 41(a), supra fn. 1, specifically conflicts with § 1655 in that it directs that the order be published only once and that the return day be five days after such publication.

4. Nor would appellant fare better if we consider only the inherent power of the court below to reopen its own judgments. Cf. Banco Comercial De Puerto Rico v. Hunter Benn & Co., 1 Cir., 1929, 31 F.2d 921. For the petitioning creditors, appellants, had shown no reason why ordinary process had not been served, in applying for an order for service by publication. Also, appellee's motion and answer taken together presented sufficient grounds for reopening the judgment. The lower court in its findings of fact and conclusions of law specifically took these factors into account:

"2. Petitioning creditors in applying for an order for service by publication do not give any reason why previously issued process had not been personally served on Mistrot. It is not claimed that he was not in this District, nor that he was evading service of process.

"In his motion to set aside such Order of Adjudication Mistrot says that he 'was available for service in this District' * * *."