# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

LOUISVILLE TRUST CO. v. STOCKTON.

(Circuit Court of Appeals, Fifth Circuit. January 21, 1896.)

No. 445.

1. ERROR TO CIRCUIT COURT OF APPEALS—TIME OF SUING OUT WRIT.

The six months within which a writ of error to the circuit court of appeals must be sued out does not begin to run while a motion for a new trial is pending. Railway Co. v. Murphy, 4 Sup. Ct. 497, 111 U. S. 488, applied.

2. SAME—ALLOWANCE OF WRIT.

A formal petition for the allowance of a writ of error is not requisite to the vesting of jurisdiction in the circuit court of appeals. Therefore, where the writ was issued by the clerk of a circuit court without the filing of any petition therefor, or the allowance thereof by any judge, but the judge subsequently, and within the time limited, signed a bill of exceptions and a citation, *held*, that this was sufficient to give jurisdiction to the appellate court.

In Error to the Circuit Court of the United States for the Southern District of Florida.

H. Bisbee and C. D. Rhinehart, for plaintiff in error.

A. W. Cockrell, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge. The defendant in error moves to dismiss the writ of error in this case upon the following grounds: (1) No petition for a writ of error was made or filed herein. (2) No writ of error was allowed herein, on petition or otherwise. (3) The writ of error was issued by the clerk of the circuit court in which judgment sought to be reviewed was rendered, without a petition filed therefor, and without an allowance thereof by a judge of said circuit court, or by a judge of the circuit court of appeals of the Fifth circuit, authorized by law to allow such writ of error. (4) The only action taken in respect of, or in reference to, the appeal based on the said writ of error herein, by a judge authorized by law to allow

writs of error, was the signing of the bill of exceptions herein, on the 14th day of November, 1895, and the signing of citation herein, by Hon. James W. Locke, a judge of the said circuit court of the Southern district of Florida, on the 9th day of November, 1895, more than six months after the entry of the judgment herein sought to be reviewed, which said judgment was entered on the 1st day of May, 1895.

We have examined the record and considered the argument of counsel. The judgment in the court below was rendered on the 1st day of May, 1895, and thereupon a motion for a new trial was entered, which was overruled on the 2d day of June, 1895. The citation directing the defendant in error to answer in this court was signed and issued on the 9th day of November, 1895, more than six months after the entry of the judgment sought to be reviewed, but within six months from the date when the motion for a new trial was overruled. The time limited for suing out a writ of error does not begin to run while there is a motion for a new trial pending. Railway Co. v. Murphy, 111 U. S. 488, 4 Sup. Ct. 497. A formal petition for the allowance of a writ of error, in order to vest the appellate court with jurisdiction, is not necessary. Davidson v. Lanier, 4 Wall. 447; Ex parte Virginia Com'rs, 112 U. S. 177, 5 Sup. Ct. 421. Even in case of appeal, the approval of the bond and signing of citation has been held to be a sufficient allowance of the appeal. Brandies v. Cochrane, 105 U. S. 262, and cases there cited. In the instant case, the judge of the circuit court signed the citation, and accepted the bond tendered. It seems very clear that the motion to dismiss this writ of error on the grounds stated should be overruled, and it is so ordered.