PULLMAN'S PALACE-CAR CO. v. CENTRAL TRANSP. CO.

CENTRAL TRANSP. CO. v. PULLMAN'S PALACE-CAR CO.

(Circuit Court, E. D. Pennsylvania. January 28, 1896.)

No. 44.

ALLOWANCE OF APPEALS FROM CIRCUIT TO SUPREME COURT—POWER OF CIRCUIT COURT.

The right of appeal from the circuit courts direct to the supreme court, in the classes of cases enumerated in section 5 of the judiciary act of March 3, 1891, is an absolute right, and the circuit courts have no authority either to allow or disallow such an appeal, or to determine whether any particular case is one in which the appeal lies. This question is for the supreme court alone.

This was a bill by the Pullman's Palace-Car Company against the Central Transportation Company to enjoin it from prosecuting an action at law to recover rent under an alleged lease. Defendant was allowed to file a cross bill to obtain restitution of certain property obtained by complainant pursuant to the provisions of the lease, or for an accounting for its value, etc. A decree was rendered upon the cross bill against the Pullman's Company, and that company has now applied for the allowance of an appeal to the supreme court.

A. H. Wintersteen, J. S. Runnells, Robt. T. Lincoln, and Edw. S. Isham, for Pullman's Palace-Car Co.

John G. Johnson and Frank P. Prichard, for Central Transp. Co.

Before DALLAS, Circuit Judge, and BUTLER, District Judge.

DALLAS, Circuit Judge. The Pullman's Palace-Car Company has presented a petition for the allowance by this court of an appeal direct to the supreme court. The counsel of the petitioner insist that it is entitled to take such appeal under section 5 of the act to establish circuit courts of appeals, etc., approved March 3, 1891, be-cause, as is claimed on its behalf, the case is one "that involves the construction or application of the constitution of the United States." The counsel of the transportation company denies that any such question is involved, but admits that the alleged right of appeal, if such question existed, would be absolute, and not dependent upon the assent of this court. This view of the law is, in our opinion, correct. The act gives a right of appeal direct to the supreme court in certain enumerated cases. It does not confer upon the circuit court authority to allow or to disallow such appeals, or to adjudge whether any particular case is one in which such appeal lies. We are aware that the practice has to some extent prevailed of obtain-ing the allocatur of the circuit court before taking the appeal, but there is nothing in the statute which requires it; and where, as here, the application is resisted, we think it should not be given. In our opinion, the appeal, if warranted by the statute, is of right; and whether or not it is in fact so warranted is not for this court, but for the supreme court, to determine. Upon this ground alone, a special allocatur is denied.