## CITY OF WILMINGTON v. RICAUD.

(Circuit Court of Appeals, Fourth Circuit. November 1, 1898.)

### No. 268.

1. APPEAL AND ERROR—PETITION FOR ALLOWANCE—DISMISSAL.

A writ of error is the only mode by which a judgment at law can be brought up for review, but such a writ, properly issued and in the record, will not be dismissed because the petition and order were for the allowance of an appeal, and not a writ of error. The petition and order, while required by proper practice, are not essential to the jurisdiction of the appellate court.

**2. SAME—DISMISSAL—BILL OF EXCEPTIONS.**
    A writ of error will not be dismissed because of the absence of any bill of exceptions, where the only questions in the case are of law, and the errors, if any, are apparent of record.

In Error to the Circuit Court of the United States for the Eastern District of North Carolina.

Motion to dismiss appeal.

E. K. Bryan, for the motion.

H. McClammy, opposed.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

SIMONTON, Circuit Judge.    The appellee interposes a motion to dismiss this appeal on the following grounds:    (1) That no petition for a writ of error has ever been filed or presented, but instead thereof a petition for an appeal.    (2) That no order has been made granting or allowing a writ of error, but the order made allows an appeal.    (3) That no bond accompanied the petition, and the bond filed subsequent to the order is without surety.    (4) That the citation was issued before any writ of error was allowed or issued.

There can be no question that the only mode of giving this court jurisdiction for the correction of errors in a law case is by writ of error.    An appeal cannot have this result.    Brooks v. Norris, 11 How. 204; Barry v. Mercein, 5 How. 103; U. S. v. Curry, 6 How. 106.    In Stevens v. Clark, 18 U. S. App. 584, 10 C. C. A. 379, and 62 Fed. 321, the law is stated.    The supreme court and the circuit court of appeals possess no appellate power in any case, unless conferred upon them by act of congress.    Nor can such jurisdiction, when conferred, be exercised in any other form or by any other mode of proceeding than that which the law prescribes. Chief Justice Taney held in Sarchet v. U. S., 12 Pet. 143, that an action at law could not be brought to the supreme court by an appeal, but must come up on writ of error; in no other way could the court get jurisdiction.    So, also, we have the same conclusion in Ballance v. Forsyth, 21 How. 389.    See, also, Chase v. U. S., 155 U. S. 496, 15 Sup. Ct. 174; Nelson v. Huidekoper, 13 C. C. A. 658, 66 Fed. 616, and 30 U. S. App. 88; U. S. v. Fletcher, 8 C. C. A. 453, 60 Fed. 53, and 8 U. S. App. 481; U. S. v. Tinsley, 25 U. S. App. 266, 19 C. C. A. 515, and 73 Fed. 369.

In the present case there is a writ of error, and it is in the record. It is true that the petition is for granting an appeal, and an appeal was allowed.    But evidently both counsel and court did not understand that the word was used in its technical sense, but only as a review by an appellate court of the action of the trial court; for, when the prayer of the petition and the action of the court thereon were carried out, a writ of error was issued.    While it is the practice (and one which should never be departed from) to present a petition to the court when a review is desired, asking for a writ of error or an appeal, as the one or other is the appropriate remedy,

such petition and the order thereon are neither of them absolutely necessary. When the case comes up, the writ of error gives the court jurisdiction. Ex parte Ralston, 119 U. S. 613, 7 Sup. Ct. 317. In Trust Co. v. Stockton, 13 C. C. A. 408, 72 Fed. 1, it is held that a formal petition for the allowance of a writ of error is not requisite to the vesting of the jurisdiction in the circuit court of appeals. Therefore, when the writ was tested by the clerk of the circuit court, without the filing of any petition therefor, or the allowance thereof by any judge, but the judge subsequently, and within the time limited, signed a bill of exceptions and a citation, held, that this was sufficient to give jurisdiction to the appellate court. Ex parte Virginia Com'rs, 112 U. S. 178, 5 Sup. Ct. 421; Davidson v. Lanier, 4 Wall. 453. This ground for dismissing the writ cannot prevail.

So also with the other ground,—the absence of a bill of exceptions. The errors complained of are errors, if any, patent on the record. There is no disputed question of fact, nor any ruling on any question of fact. The only question in the case is one of law. No bill of exceptions was necessary. Plow Co. v. Webb, 141 U. S. 623, 12 Sup. Ct. 100; Baltimore & P. R. Co. v. Trustees of Sixth Presbyterian Church, 91 U. S. 127; Young v. Martin, 8 Wall. 354; Clinton v. Railway Co., 122 U. S. 469, 7 Sup. Ct. 1268.

The objections as to the bond cannot be sustained. The bond distinctly states that W. C. McQueens signs as surety. It was approved by the judge on 18th March, 1898, and the citation bears date the same day. The motion is dismissed, with costs.