## MACRUM et al. v. UNITED STATES.

(Circuit Court of Appeals, Third Circuit. May 13, 1907.)

No. 30.

1. COURTS—JURISDICTION OF CIRCUIT COURT—ENJOINING WRIT OF ERROR.

A Circuit Court of the United States sitting in equity has no authority to enjoin a party to a judgment rendered on its law side from suing out a writ of error from the Circuit Court of Appeals to review said judgment.

[Ed. Note.—Enjoining proceedings in federal courts, see note to Clapp v. Otoe County, 45 C. C. A. 591.]

2. JUDGMENT—SATISFACTION—COMPELLING ENTRY—EQUITY—JURISDICTION.

A court of equity is without jurisdiction of a suit for a decree requiring the entry of satisfaction of a judgment at law, the court which rendered such judgment having full power over it, and to grant any relief in respect thereto which justice may require.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 1707–1713.]

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Johns McCleave, for appellants.

Nathan S. Williams, for appellee.

Before DALLAS and GRAY, Circuit Judges, and HOLLAND, District Judge.

DALLAS, Circuit Judge. The United States filed a bill of complaint in the court below, the first five paragraphs whereof set forth that in a proceeding which the complainant had instituted in that court for the condemnation of certain real estate of Nathaniel G. Macrum, trustee, there was a jury trial which resulted in a verdict for said Macrum in the sum of $15,607.17, with interest added from the date of condemnation proceedings, and that upon this verdict a judgment was entered in the sum of $17,526.04. The remainder of the bill, and the decree appealed from, are copied in the margin.[1]

We know of no precedent for a decree by a Circuit Court of the United States sitting in equity, forbidding a party to a cause upon its law side from suing out a writ of error for review of any reviewable decision in such cause. The authorities which maintain that in proper cases a chancellor may restrain proceedings at law are related to a chapter in judicial history which has no pertinency to the matter in hand. We are not dealing with a controversy as to the right of courts of equity to enjoin the judgments or other proceedings of courts of law. The question now to be decided concerns no such conflict, but is simply whether a Circuit Court of the United States has any authority whatever to prevent the suing out of a writ of error from a United States Circuit Court of Appeals; and this question we think is answered by the act of March 3, 1891, which, in establishing the last-mentioned courts, required them to exercise their appellate

[1] See note at end of case.

jurisdiction, without vesting elsewhere any power to obstruct it. Therefore a writ of error from a Circuit Court of Appeals, if warranted by the statute, is of right, and its formal allowance, though perhaps desirable, is not requisite. The court of first instance has no more authority to decide upon its propriety in advance of its issuance than it would have thereafter, when, indubitably, all questions affecting its validity or efficacy are for decision by the court from which it issued. Pullman's Palace Car Co. v. Central Transportation Co. (C. C.) 71 Fed. 809; City of Wilmington v. Ricaud, 90 Fed. 212, 32 C. C. A. 578; Louisville Trust Co. v. Stockton, 18 C. C. A. 408, 72 Fed. 1; Ex parte Virginia Commissioners, 112 U. S. 177, 5 Sup. Ct. 421, 28 L. Ed. 691; State v. Farlee, 1 N. J. Law (Coxe) 96. It would, however, "be a waste of time and an unnecessary continuance of litigation to simply enter an order setting aside the injunction and remanding the cause for further proceedings." Ex parte National Enameling Co., 201 U. S. 162, 26 Sup. Ct. 404, 50 L. Ed. 707. The dismissal of the bill must be ordered for lack of equity to support it. Except as it prayed for an injunction, the substance of the only relief sought by it was that an entry of satisfaction of the judgment at law should be decreed, upon such terms, if any, as might properly be imposed. But to accomplish this end a resort to equity was not requisite, for courts of law are not incompetent to deal justly with their own judgments. Holt et al. v. Dorsey was a proceeding at law (12 Fed. Cas. 428, No. 6,647), and yet the Circuit Court, upon motion made in that proceeding (16 Fed. Cas. 1309, Nos. 9,389, 9,390), directed an entry of satisfaction of the judgment therein, upon its being made to appear that such entry was warranted.

Under ordinary circumstances we would not intimate any opinion of our own in anticipation of possible future proceedings in a lower court; but in view of the manner in which this controversy, in its entirety, has been discussed at bar, we deem it proper to say, as perhaps tending to limit litigation, that, as at present advised, we think the Circuit Court, sitting at law, may properly dispose of this whole matter by simply directing an entry of satisfaction of the judgment in question, upon such terms (if any) as, after hearing, it shall impose, respecting "interest * * * since date of verdict." But at present we decide only that the decree for a preliminary injunction shall be reversed, and that the cause shall be remanded with direction to dismiss the bill.

It is so ordered.

### NOTE.

#### Bill of Complaint.

In the Circuit Court of the United States for the Western District of Pennsylvania, Sitting in Equity.

No.                                                                May Term, 1907.

Between the United States of America, Plaintiff, and Nathaniel G. Macrum, Trustee for Nathaniel G. Macrum, Edward A. Macrum, and William Macrum, Individually and Attorney in Fact, Defendants.

  *     *     *     *     *     *     *     *     *     *

6. That afterwards. to wit, on or before the 28th day of August, 1906, your orator notified William Macrum, Esq., one of the defendants, and attorney

at law and in fact for all the parties in interest, that it was ready to pay the judgment and interest in said case on proper acknowledgment of satisfaction and payment.

7. That in pursuance thereof, your orator through M. C. Gay, of the United States Engineer's office, agent for your orator, the defendant in said proceedings, paid to the said William Macrum, as attorney aforesaid, the sum of seventeen thousand five hundred twenty-six and $04/100$ ($17,526.04) dollars, and received from him a receipt therefor, a copy of which is hereto attached and made part hereof, marked "Exhibit A," and the said Macrum also entered on the record of the case the following acknowledgment of payment:

I, William Macrum, attorney in fact, for myself and as attorney in fact for Nathaniel G. Macrum, Trustee, Nathaniel G. Macrum, Edward A. Macrum, plaintiffs in the above-entitled case, by virtue of the power of attorney heretofore filed, do hereby acknowledge payment from the United States of $17,526.04, said amount being the verdict with interest included to the date of verdict, subject to claim made in protest for interest on said amount since date of verdict. William Macrum, Atty. In Fact.

August 28/06.

Attest H. R. Gamble.

8. Your orator avers that, at the time said money was paid and said receipt taken, it was fully stated and understood between the said Macrum, attorney as aforesaid, and the agent of your orator, that the payment of said sum of seventeen thousand and five hundred and twenty-six $04/100$ ($17,526.04) dollars was in full payment and satisfaction of all matters in controversy between the said plaintiff and defendant, except that said attorney for plaintiff contended that plaintiff was entitled to interest to the date of payment, to wit. August 28, 1906, instead of May 16, 1906, the date of the rendition of the verdict, as claimed by defendant, and said attorney excepted said claim from said acknowledgment, as shown by said receipt above set forth. And your orator further saith that it was fully intended and understood between the attorney for the plaintiff and the attorney for the defendant at the time the acknowledgment of payment was entered of record by the plaintiff's attorney that said acknowledgment was a receipt and a release to the defendant of all matters in controversy between said plaintiff and defendant, excepting only plaintiff's claim for interest as aforesaid, and your orator avers that if said acknowledgment on the record is not in law a sufficient acknowledgment of payment and release by plaintiff to defendant of all matters in controversy, excepting plaintiff's claim for interest as aforesaid, that it was omitted from said acknowledgment by accident or mistake, as it was fully intended and understood by the parties thereto at the time of making said acknowledgment that it was in fact a full receipt for payment and a release of all matters in controversy excepting the claim of interest as aforesaid.

9. That your orator refers to and makes part of this bill of complaint the record and proceedings thereon of said suit at No. 69, May term, 1904, of your honorable court above mentioned.

10. That, notwithstanding the payment of said money to said plaintiff and the receipt and acknowledgment therefor by plaintiff, the said plaintiff, for the purpose of harassing, annoying, and injuring your orator, threatens to review said proceedings by appeal or writ of error, and to retain meanwhile the money paid by your orator as aforesaid in payment and satisfaction of said verdict, interest, and costs.

11. That your orator has no plain, adequate, and complete remedy at law in the premises, and therefore needs equitable relief. It therefore prays your honors:

I. To enter a decree that the payment by the defendant to the plaintiff of the sum of seventeen thousand five hundred and twenty-six and $04/100$ ($17,526.04) dollars on the 28th day of August, 1906, the amount of the verdict and interest to date of rendition, was, in law, payment and satisfaction in full of all matters in controversy between the said plaintiff and defendant.

II. Or, that the payment by the defendant to plaintiff of the sum of seventeen thousand five hundred and twenty-six and $04/100$ ($17,526.04) dollars on

the date above mentioned, being the amount of verdict and interest to date of rendition of said verdict, was, in law, payment and satisfaction in full of all matters in controversy between plaintiff and defendant, with the exception of plaintiff's claim for interest to date of payment, to wit, interest to the 28th day of August, 1906, in place of interest to the 16th day of May, 1906.

III. That the court determine and enter a decree in accordance therewith whether or not the defendant's claim for interest to date of payment, to wit, August 26, 1906, is legal and just, and, if the court so determine, then to enter a decree that, on payment of said amount of interest so found to be due, the plaintiff shall enter upon the record of said suit acknowledgment of payment and satisfaction in full. If, however, the court determine that plaintiff's claim for interest is without warrant of law, then to enter a decree that the plaintiff shall enter acknowledgment on the record of payment and satisfaction in full.

IV. That the defendant be restrained by preliminary injunction from appealing said suit or suing out a writ of error or other process to review said suit or to proceed thereon until the further order of court.

V. That after final hearing the court enter a decree restraining the defendants from appealing said suit or suing out a writ of error or other process to review said suit, or to proceed therein until the said plaintiff pays back to defendant, your orator, the sum of seventeen thousand five hundred and twenty-six $04/100$ dollars, with interest thereon to date of restoration.

VI. That the court grant such other and further relief as justice and equity require in the premises.

VII. That your orator be hence dismissed with his costs in this behalf most wrongfully sustained.

United States of America,<br>By John W. Dunkle, U. S. Attorney.

John W. Dunkle, Sol. for Plff.

June 3, 1907.

Western District of Pennsylvania—ss.:

Before me, the undersigned authority, came John W. Dunkle. United States attorney for the Western District of Pennsylvania, who, being by me duly sworn according to law, doth depose and say, that the statement of facts so far as they are personally known to affiant are true and correct as above set forth, and so far as they are stated on information and belief he verily believes them to be true as above set forth.                        Jno. W. Dunkle.

Sworn to and subscribed this 3rd day of January, 1906.

H. D. Gamble,<br>Clerk U. S. C. Court.

Amendment to Bill.

And now, to wit, January 3, 1907, comes the plaintiff by its attorney, and by leave of court first had files the following additional or supplemental prayer for relief to the bill of complaint filed in the above-entitled case, to wit, that the court enter a decree that the defendant repay to plaintiff the sum of seventeen thousand five hundred and twenty-six $04/100$ dollars, with interest thereon, from August 28, 1906, to the date of repayment.

United States of America,<br>By John W. Dunkle, U. S. Attorney.

Decree.

And now, to wit, January 3, 1907, this cause came on to be heard upon bill of complaint and affidavits of M. C. Gay and N. S. Williams, submitted therewith, and was duly argued by counsel for the respective parties, and on due consideration thereof the court orders, adjudges and decrees that a preliminary injunction forthwith issue, restraining the said defendants, their attorneys or agents, from appealing or suing out a writ of error or other process to review certain proceedings entered at No. 69, May term, 1904, of this court; said injunction to remain in force until the further order of this court.