# SOCIÉTÉ ANONYME DES SUCRERIES DE ST. JEAN v. POLANCO.

(Circuit Court of Appeals, First Circuit. June 12, 1925.)

No. 1823.

Courts ⊜405(1), 406(1)—Decisions of Supreme Court of Porto Rico in actions at law reviewable only on writ of error.

The decisions of the Supreme Court of Porto Rico are reviewable by the Circuit Court of Appeals only by writ of error and on questions of law.

Appeal from Supreme Court of Porto Rico.

Action at law by Jose Jacinto Nicolas Polanco against the Société Anonyme des Sucreries de St. Jean. From the judgment of the Supreme Court of Porto Rico on appeal in favor of plaintiff, defendant appeals. Affirmed.

Henry G. Molina, of San Juan, Porto Rico, for appellant.

Jose A. Poventud, of New York City, for appellee.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Polanco, a planter, made, in 1912, an agreement with the defendant appellant, which operates the Santa Juana sugar mill, to till 250 acres of sugar cane for the harvests of 1913 to 1917, inclusive, and to deliver the product to the defendant for grinding, receiving either 6 per cent. of the ground-out sugar, or, under a so-called special benefit clause, as high a rate as should be paid by the defendant to any of its other planters. This clause is referred to by the Supreme Court of Porto Rico as being "like a favored nation clause." In September, 1917, Polanco sued in the district court of Humacao, alleging that he was entitled to recover under this special benefit clause nearly $11,000. The defendant filed a counterclaim. The case was tried before a district judge, who resigned without making a decision. The case was thereupon, by agreement of the parties, submitted on the stenographic record to the succeeding judge, who dismissed both the complaint and the counter complaint. Both sides appealed. The Supreme Court affirmed the decision below against the counterclaim, but reversed the judgment against Polanco's claim, and found for him in the sum of $9,196.48. The Sugar Mill Company appealed to this court.

It will be observed that the district court took the case on typewritten evidence, and that therefore the Supreme Court was, as it observes, "in exactly the same situation as was the court below to weigh the evidence."

While in form the case is here on appeal, it is in its nature an action at law, and should have come here on a writ of error; only questions of law being subject to review by this court. See Ana Maria Sugar Co. v. Quinones, 254 U. S. 245, 248, 41 S. Ct. 110, 65 L. Ed. 246; Id., 251 F. 499, 504, 163 C. C. A. 493.

It is at least doubtful whether any one of the 17 assignments of error involves a question of law. Certainly there is no question of law, unless it be found in the appellant's contention that the Supreme Court of Porto Rico "erred in holding that it was not an implied term or condition of the contract that the 250 acres should be diligently and properly planted and cultivated, and in not holding that plaintiff had failed to comply with said condition." Translating, in the light of appellant's argument, this contention into concrete terms, it means that the contract required the planter to make his 250 acres of planted sugar cane produce an average of 15 to 18 tons per acre; that, as in 4 of the 5 years the production fell far below this standard, the plaintiff broke his contract.

The provisions in the contract relied upon for this contention are as follows:

"(2) The planter, Nicolas Polanco, as the owner of a farm property situated in the ward of Celada and Jagua of the municipality of Gurabo with an area of 570 acres, more or less, binds himself to prepare, plant, and cultivate for his account 250 acres of sugar cane on the said property for the grinding seasons corresponding to the years 1913, 1914, 1915, 1916, and 1917, inclusive, the said cane to be of the classes 'Blanca de Otahity' or 'Cristalinas,' or other sugar cane grown in the country, and the planter agreeing, for his own advantage, to select the seed from the best kinds each year with the concurrence of the director of the central.

"(3) The planter, Nicolas Polanco, likewise binds himself to deliver to the Société Anonyme des Sucreries de St. Jean to be ground in its Santa Juana Central in each of the said seasons all of the cane produced by virtue of the obligation contracted in the preceding clause or paragraph.

"(4) The planter, Nicolas Polanco, also binds himself to deliver the said cane entirely ripe, sound, fresh, free of tops, fodder, seed, suckers, and soil, and cut in lengths of

three feet, more or less, it being agreed by both parties that the Société Anonyme des Sucreries de St. Jean may refuse to receive the cane not delivered in the said condition as well as that whose juice has not a minimum of eight degrees Baume, or to receive it at a reduction which it thinks proper to make.

"(5) The planter, Nicolas Polanco, binds himself also to strip the said cane while it is standing when the crop requires it, not to irrigate it after it is stripped, to allow and permit at all times and at any hour of the day free access to his said canefields and examination and inspection of them by the Société Anonyme des Sucreries de St. Jean or its representatives, and not to begin the cutting of the cane without its consent; and it is stipulated that after the second cutting Polanco shall replant his said canefields, except those which produce 18 tons, more or less."

We find nothing in this language to support the appellant's contention. The contract merely calls on the planter to prepare, plant, and cultivate ' * * * 250 acres of sugar cane * * * and "to deliver to" the appellant "all the cane produced by virtue of the obligation contracted in the preceding clause. * * * * "

In the fifth paragraph there is a provision "that after the second cutting Polanco shall replant his said canefields, except those which produce 18 tons, more or less."

No question is before us as to any failure by Polanco to replant as provided in this clause. The appellant's contention is that this reference to "18 tons more or less," as a standard of production, requires the planter so to cultivate, whether the planting be the first or the second, as to produce substantially this amount of cane per acre. No such construction is warranted.

Finding nothing else in the record which is even arguably a question of law, the decision below must be affirmed.

The judgment of the Supreme Court of Porto Rico is affirmed, with interest and costs to the appellee.