# MONAGAS *v.* ALBERTUCCI.

APPEAL FROM THE SUPREME COURT OF PORTO RICO.

No. 44.   Submitted October 29, 1914.—Decided November 30, 1914.

On an appeal from the Supreme Court of Porto Rico, the power of this
court is confined to determining whether error of law was committed
in admitting or rejecting evidence and whether the findings of fact
are adequate to sustain the conclusions based on them. *Rosaly* v.
*Graham*, 227 U. S. 584.

Although the appellate court held that the trial court erred in admitting
over objection testimony offered to show that a contract of condi-
tional sale was really a mortgage, as that court also considered the
evidence and based the exclusion thereof on the ground of its char-
acter, and because it did not have probative force to accomplish the
result, the testimony was weighed sufficiently for the purpose of
finding that the instrument is what it purports to be, and the findings
and conclusions of law to the effect that the instrument is one of
conditional sale and not of mortgage are adequate to support the
judgment.

17 Porto Rico, 684, affirmed.

THE facts, which involve the extent of the power of this
court on appeal from the Supreme Court of Porto Rico and
also the validity of a judgment of that court holding that
a transfer of property was a conditional sale that had be-
come absolute and was not a mortgage, are stated in the
opinion.

*Mr. N. B. K. Pettingill* for appellants.

No appearance or brief filed for appellee.

MR. CHIEF JUSTICE WHITE delivered the opinion of the
court.

Only that which is deemed necessary for the decision of
the case is stated, bearing in mind that our power is con-

fined to determining whether error of law was committed in admitting or rejecting evidence and whether the findings of fact are adequate to sustain the conclusions based on them. *Rosaly* v. *Graham*, 227 U. S. 584, 590.

The appellants sued in August, 1909, to recover immovable property upon the ground that a contract of sale made by them of the property in September, 1906, subject to a right to redeem was not a sale subject to condition, but a mortgage, and, therefore, although the period for redemption had long expired without the exercise of that right, they were entitled to a decree for cancellation of the recorded sale on payment of the mortgage debt. Moreover, a right to recover rents and revenues was sought for the purpose of imputing the amount to the extinction of the mortgage debt. At the trial Juan A. Monagas, one of the plaintiffs, was tendered in their behalf as a witness and he was permitted to testify over objection made and exception reserved by the defendant. The court substantially awarded the relief prayed. The prayer, however, for an accounting was denied upon the ground that, although there was no agreement as to rate of interest, nevertheless it was contemplated that the lender should go into possession of the property, collect the rents and revenues and appropriate them in lieu of collecting interest on the debt. Both sides appealed.

On the appeal it developed in the argument that neither side had complied with the rules as to assigning errors. The case was heard and taken under advisement with leave to file assignments of errors within a time fixed. In its opinion the court came first to the appeal of the defendant below. Directing attention to the fact that the permission to file assignments had not been complied with, the court then considered what was open, and after referring to the exception concerning the testimony of the witness offered for the purpose of showing that the deed was not a sale but was a mortgage, treated the exception

as covering two considerations; first, Was parol evidence admissible, "under our Civil Code, to vary the terms of the sale?" and second, whether "An improper construction was put on the written contract entered into between the parties," evidently considering, therefore, that even if parol evidence was admissible, it was yet necessary as a result of the exception to determine whether the contract had been improperly construed by a wrongful effect given to the evidence admitted over objection.

The contention as to mere inadmissibility was at once disposed of by stating that the real question to be decided was not whether any testimony could have been received, but the character and probative force of that which was admissible. The court said (17 Porto Rico, 684, 686):

"The whole case really turns on the question whether the written instrument in controversy was a mortgage or a conditional sale. If it is the latter, it must be complied with according to its terms; if the former, the plaintiff must be allowed to repay the money received and take a reconveyance of the land. The real intention of the parties at the time the written instrument was made must govern in the interpretation given to it by the courts. This must be ascertained from the circumstances surrounding the transaction and from the language of the document itself. The correct test, where it can be applied, is the continued existence of a debt or liability between the parties. If such exists, the conveyance may be held to be merely a security for the debt or indemnity against the liability. On the contrary, if no debt or liability is found to exist, then the transaction is not a mortgage, but merely a sale with a contract of repurchase within a fixed time. While every case depends on its own special facts, certain circumstances are considered as important, and the courts regard them as throwing much light upon the real intent of the parties and upon the nature of such transactions. Such are the existence of a collateral agreement made by

the grantor for the payment of money to the grantee, his liability to pay interest, inadequacy of price paid for the conveyance, the grantor still remaining in possession of the land conveyed, and any negotiation or application for a loan made preceding or during the transaction resulting in the conveyance. The American doctrine on this subject does not differ materially from the principles set forth in our Civil Code. 3 Pomeroy's Equity Jurisprudence, paragraphs 1194 and 1195. Civil Code of Porto Rico, paragraphs 1248, 1249, 1250, 1348, 1410, and 1421."

Coming then presumably to analyze the testimony admitted over the objection for the purpose of ascertaining whether it was of a character to engender any probative force proper to be considered for the purpose of showing that the minds of the parties met not on a conditional sale but a mortgage, and therefore justified construing the written contract to be not what it purported to be, it was held that it did not, the court saying (p. 687): "In accordance with these principles, we must consider the conveyance in this case as a conditional sale, and that plaintiff has failed to comply therewith;" it being added, "We are further satisfied that the exception of the defendant was well taken and ought to have been sustained, and that the court consequently erred in its judgment." The decree was reversed with direction to dismiss the suit.

The court in subsequently making its findings of fact and stating its conclusions included therein the testimony of the witness which had been admitted at the trial over objection, that testimony being to the following effect:

"The witness then proceeded to testify in substance that he applied to the defendant for a loan and she made him an offer to make the negotiation, taking the house in question as security under the conditions stated in the written contract; that he had no intention of selling the house to the defendant, as he had other better offers; and that the contract was made in the form of a deed of sale

with option of return because she requested it and he had no objection."

As there is no contention that the findings if accepted do not support the conclusion which the court based on them, it is sufficient to give the following summary: The contract in question was notarial in form, on its face a sale transferring ownership and possession to the purchaser for a stipulated cash price, conditioned, however, on the right of the sellers to redeem within two years on paying a sum equal to the purchase price, no interest being provided for, with the right to extend the time to redeem for one year further if it was elected to do so before the expiration of the original time, and conferring on the purchaser the power of noting on the public records the fact of the failure to redeem, if it took place, and to convert the title if recorded into an unconditional one. The findings disclose that there was no evidence that the right to redeem had been exercised within the time fixed by the contract, that the purchaser inscribed that fact upon the records and that thereby she became apparently the indefeasible owner. The following facts, however, relating to this subject were found: (a) That shortly before the original redemption period elapsed, one of the sellers in behalf of all wrote a letter to the purchaser asking her to name a time when before a notary an agreement of extension could be signed in accordance with the original contract of repurchase, and that no answer appears to have been made to this letter, at all events that nothing was shown establishing that anything was done under it. (b) That after the original period had expired and the failure to avail of the condition had been noted on the public records, three several letters were written, one on October 17, 1908, one on December 24, 1908, and the last on May 5, 1909; the two first requesting the appointment of a day for the purpose of signing an extension of the original time because an agreement expressed in a letter

to give such extension had been made, and the last offering
to pay the amount fixed in the condition of redemption
on the ground that there was a right to do so because of an
assent to an extension which had been previously given by
letter, but, as we have said, the findings recite that noth-
ing as to the existence of the letter referred to was shown
in the record. All four of the letters in unequivocal terms
treated the contract as having been one of sale and sought
to enforce it accordingly and contained nothing in the
slightest degree asserting the existence of a mortgage as
now relied upon. Indeed, the findings fail to show any-
thing directly or indirectly asserting that view of the con-
tract prior to its being made the basis of this suit filed, as
we have seen, in August, 1909.

The conclusions drawn from the findings were as fol-
lows:

"This Supreme Court disposed of the appeal by its
judgment of June the 5th of the last year, reversing that
rendered by the court below and ordering the dismissal of
the complaint, not only upon the ground that the excep-
tion to which we have already referred was well taken and
should have been sustained, but also because the agree-
ment made by the parties was a conditional sale."

As we are bound by the conclusion as to the character of
the contract if it is supported by the findings, and as there
is no dispute that if the findings be accepted as legal they
do support such conclusion, it follows that there must be
an affirmance since the real question for decision is, Was
the court right in holding that the contract in question was
a conditional sale and not a mortgage? But it is insisted—
and that is really the only issue in the case—that the find-
ings cannot be accepted and treated as conclusive without
previously determining the correctness of the ruling of the
court on the exception to the testimony, since if that ruling
be held to have been wrongful, it will follow either that
there were no findings, or if there were such findings in

form, that they were legally inadequate because made from an incomplete and partial consideration of the evidence resulting from excluding from view the testimony which was wrongfully held to be inadmissible. Indeed, the argument is that this must be the case unless it be assumed that the court after excluding the testimony on the ground that it was inadmissible and hence wrong to consider it, proceeded at once to consider it for the purpose of making its findings. From this it is urged that there must be a reversal and remanding for a new trial or at least for the purpose of enabling the court below to make new findings and express new conclusions upon all the evidence including that which it should consider if it be found that it was wrong in holding that the evidence excluded was inadmissible.

But when the statement we have made of the case is considered, the proposition rests upon the plainest misconception of the action of the court below since, as we have seen, its conclusion that error had been committed by the trial court in holding that the contract of sale was one of mortgage did not arise from a ruling that there was a want of power to admit any testimony for such purpose, but from the fact that the particular testimony which was offered and received over objection was found, after considering and weighing it, to bear no legal relation to such purpose and hence not to afford any probative force tending to support the varying of the contract. This clearly is made manifest by the excerpt from the opinion of the court which we have quoted and becomes indisputable when it is observed that the authorities which the court cited and relied upon as sustaining its action expressly recognized that testimony was admissible for the purpose of showing that a contract of conditional sale was one of mortgage, but pointed out the nature and character of the testimony and the force of the proof required to accomplish such result. The error of the contention, hence,

consists in assuming that testimony was not considered and weighed for the purpose of the findings, when in fact on the face of the record it is apparent that all the testimony offered was considered and weighed. When this is borne in mind, it results that the contention at last reduces itself to the proposition that the decree below should be reversed and the case remanded because of an error never committed; that is, to enable a duty to be legally performed which the record discloses had already been completely and lawfully discharged.

*Affirmed.*