MARÍA LUISA MONROZEAU LACOMBA ET AL., Plaintiffs and Appellees, *v.* PEDRO G. AMADOR MACHADO ET AL., Defendants and Appellants.

No. 4676. Argued June 5, 1929.—Decided November 8, 1929.

*A. Lens Cuena, F. Susoni Jr.,* for appellants. *A. Reyes Delgado,* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.
This is a revendicatory action.

The first contention of appellants is that the court below erred in overruling a demurrer for ambiguity, unintelligibility, and uncertainty.

Plaintiffs allege that on April 25, 1911, their predecessor in interest, Antonio Monrozeau Alcaide, borrowed from the defendant Pedro G. Amador $416 which he promised to pay

on April 25, 1912; and that as security for the payment of the said loan, with interest thereon at the rate of twelve per cent, Monrozeau created, by private document, a lien upon two properties described in the complaint. Defendants met this averment with a denial in the form of a negative pregnant. They set up affirmatively that on June 16, 1911, Antonio Monrozeau Alcaide sold to Pedro G. Amador the properties described in the complaint for $416 on condition that if Monrozeau should return to him that amount on April 25, 1912, Amador would reconvey to Monrozeau the lands so sold.

The document in question was introduced in evidence by defendants. It provides that if Monrozeau should pay an obligation, subscribed by him on the 25th of the preceding April for $416 and interest thereon at the rate of twelve per cent from the date thereof, on April 25 of the following year, 1912, together with certain costs and disbursements, the purchaser or his representatives would execute a deed of reconveyance.

Thus it appears that the nature of the lien referred to in the complaint was a matter peculiarly within the knowledge of defendants; that they were not misled by the ambiguity complained of; that the omission of a more definite description of the private document was supplied by the answer; and that there was no surprise in the evidence. The error, if any, in overruling the demurrer was harmless.

Appellants also say that the district court erred in sustaining the revendicatory action and the claim for damages, and in consequently awarding damages in the sum of one thousand dollars to plaintiffs. Here the argument is that Antonio Monrozeau parted with the title to the land in controversy on July 11, 1911, and therefore that nothing passed to plaintiffs upon the death of Monrozeau. The theory of the complaint and of the district judge was that the private document executed by Monrozeau on June 16, 1911, was not a conditional sale but a mortgage. In this we find no error.

The second clause of the document purports a conveyance. The intention of the parties, however, was to provide security for the performance of a pre-existing obligation. This sufficiently appears from the third and fourth clauses which read as follows:

"Third. It is agreed that in case the vendor, Antonio Monrozeau, should pay an obligation subscribed by him on the 25th of the preceding April for $416 and interest thereon at the rate of 12% from the date thereof on April 25 of the coming year, 1912, together with the expenses occasioned by this contract, the purchaser or his representatives will execute a deed of reconveyance, if a deed shall have been executed by the vendor to the vendee, Amador Machado.

"Fourth. Monrozeau agrees to execute in favor of Amador Machado a deed of sale in accordance with the covenants of this document whenever required by Amador, the vendor to pay whatever expenses may be incurred in this regard. In testimony whereof, we sign these presents in Camuy, Porto Rico, before witnesses José Isabel Barrios and Francisco Velázquez, of age and residents of Camuy."

The pre-existing obligation referred to in the so-called conditional sale was a promissory note which was not surrendered by Amador upon execution of the subsequent agreement. It would hardly be contended that if Amador had brought suit on that note at maturity, Monrozeau could have successfully pleaded novation or merger as a defense. When Amador based his covenant for reconveyance on payment of the promissory note and retained the possession of that note, he impressed upon the later transaction the character of a mortgage given as security for the payment of the note, rather than that of a conditional sale.

Negotiations for a loan preceded the execution and delivery of the promissory note. Amador himself testified to the application for a loan, to various interviews in connection therewith, and to the execution and delivery of the promissory note. He gives as a reason for his insistence on a conditional sale, instead of a mortgage, the small value of the land and the consequent want of a sufficient margin to cover the cost of judicial proceedings. He explains the third clause

of the contract as a concession made for the benefit of Monrozeau, who was insisting upon a loan evidenced by a promissory note. He says that he retained the note because he deemed it advisable to do so. He admits that he expected the land to increase in value. It was assessed for purposes of taxation in 1910 or 1911 at three hundred fifty dollars, and in 1914 at one thousand fifty dollars. Later a part of it was divided into lots and sold at fifty cents or a dollar a meter. Amador never entered into possession. The land passed directly from the possession of plaintiff to that of Amador's vendee in October, 1916. In the so-called conditional sale there is no pretense of a lease or of an undertaking on the part of Monrozeau to pay rental. The obligation assumed by him was to pay the principal of a promissory note already executed and delivered, with interest at the rate of twelve per cent from the date of the note, not from the date of the so-called conditional sale.

Other facts and circumstances might be enumerated to show the practical construction of the later agreement by the parties thereto as indicated by their subsequent conduct, especially that of Amador.

In *Monagas* v. *Albertucci*, 235 U. S. 81, 83, the Supreme Court, speaking through Mr. Chief Justice White, quotes from the opinion of this court, 17 P.R.R. 684, 686, as follows:

"The whole case really turns on the question of whether the written instrument in controversy was a mortgage or a conditional sale. If it is the latter, it must be complied with according to its terms; if the former, the plaintiff must be allowed to repay the money received and take a reconveyance of the land. The real intention of the parties at the time the written instrument was made must govern in the interpretation given to it by the courts. This must be ascertained from the circumstances surrounding the transaction and from the language of the document itself. The correct test, where it can be applied, is the continued existence of a debt or liability between the parties. If such exists, the conveyance may be held to be merely a security for the debt or indemnity against the liability. On the contrary, if no debt or liability is found to exist, then the transaction

·is not a mortgage, but merely a sale with a contract of repurchase within a fixed time. While every case depends on its own special facts, certain circumstances are considered as important, and the courts regard them as throwing much light upon the real intent of the parties and upon the nature of such transactions. Such are the existence of a collateral agreement made by the grantor for the payment of money to the grantee, his liability to pay interest, inadequacy of price paid for the conveyance, the grantor still remaining in possession of the land conveyed, and any negotiation or application for a loan made preceding or during the transaction resulting in the conveyance. The American doctrine on this subject does not differ materially from the principles set forth in our Civil Code. 3 Pomeroy's Equity Jurisprudence, paragraphs 1194 and 1195. Civil Code of Porto Rico, paragraphs 1248, 1249, 1250, 1348, 1410 and 1421."

See also *Cuyugan* v. *Santos,* 34 Phil. 100; *Villa* v. *Santiago,* 38 Phil. 157; *Cuyugan* v. *Santos,* 39 Phil. 970, and *Macapinlac* v. *Gutiérrez Répide,* 43 Phil. 770.

Other specifications of minor importance are: That the district court erred in not holding that the revendicatory action was barred by section 1268 of the Civil Code; in not holding that the action to vacate certain proceedings had in the Municipal Court of Camuy was barred by the same statute of limitations; in not finding that defendants in the proceeding last mentioned, plaintiffs herein, were duly served with summons, and notified of the judgment rendered in the said municipal court; in holding that, because of want of jurisdiction in the municipal court over the subject matter of such proceeding, the contract of sale, executed on June 16, 1911, was an absolute nullity; and in declaring the proceeding before the said municipal court to be null and void for want of jurisdiction over the subject matter thereof.

The action for nullity referred to in section 1268 of the Civil Code is an action to annul voidable contracts. The four-year period there prescribed is not a bar to a revendicatory action for the recovery of real property the possession of which has been lost through void judicial proceeding. *Rodríguez Soler* v. *Alonso,* 37 P.R.R. 322; *Solá* v. *Castro,*

32 P.R.R. 740; *Oliver* v. *Oliver*, 23 P.R.R. 168; *López* v. *Quiñones*, 30 P.R.R. 317.

The complaint states but two causes of action. The second goes to the question of damages. The essential elements of the first are that plaintiffs acquired title to the land in controversy by inheritance from their deceased father, Monrozeau Alcaide, and that defendants retain and withhold the possession of such land without any right or title thereto. In anticipation of a possible defense plaintiffs also state the facts concerning the municipal court proceedings which are alleged to have been void for want of jurisdiction. Plaintiffs' first cause of action, therefore, does not arise out of the invalidity of the proceeding in the municipal court. Even if it did, section 1268 of the Civil Code could not be pleaded as a bar. *Cruz* v. *Kuinlan*, 29 P.R.R. 817; *Irizarry* v. *Bartolomey*, 32 P.R.R. 849; *Suro* v. *Prado*, 21 P.R.R. 227, and *Oliver* v. *Oliver*, 23 P.R.R. 168.

The proceeding in the municipal court was an action to compel the heirs of Antonio Monrozeau to execute a deed of conveyance of the land described in the alleged conditional sale of June 16, 1911, in accordance with the terms of that agreement. The widow of Antonio Monrozeau appeared in the name of her minor children (defendants in that proceeding, and plaintiffs herein) and executed a deed of conveyance to Amador in accordance with the judgment rendered by the municipal court, but without any authorization from the district court. The municipal court was without jurisdiction over the subject matter of the action and the attempted conveyance was an absolute nullity. *García* v. *The Registrar*, 23 P.R.R. 394; *Agüeros* v. *The Registrar*, 28 P.R.R. 250; *Ex parte Sotomayor*, 24 P.R.R. 172; *Avilés* v. *The Registrar*, 17 P.R.R. 925; *Rosario* v. *Rucabado*, 23 P.R.R. 438. If the district court erred in not finding that the defendants in the municipal court (plaintiffs here) were duly served with summons and notified of the judgment rendered, the error was harmless.

The district judge did not hold that the so-called conditional sale of 1911 was an absolute nullity. He construed that document as a contract in the nature of a mortgage. It was alleged in the complaint to be a lien. Defendants might have filed a cross-complaint for a foreclosure of the lien and sale of the property. Instead of asserting any such right they elected to stand or fall upon the theory of a conditional sale, of the validity of a municipal court proceeding, and of a statutory bar to plaintiffs' cause of action. The position so taken was untenable and a judgment for plaintiffs was the result.

That judgment must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.

Mr. Justice Aldrey concurs in the judgment.

### ON REHEARING

#### FEBRUARY 13, 1930

Appellants move for a rehearing on the question of limitation, of damages, and of costs. The second and third of these three questions come too late when raised for the first time on motion for rehearing. As to the first, appellants rely on *Molina* v. *Hernández*, 33 P.R.R. 176 and *Collado Heredia* v. *The Estate of Garau*, 36 P.R.R.

In the first of these two cases the action was conceded to be for nullity within the meaning of section 1268 of the Civil Code, and was so treated in the opinion. The only question submitted and decided was as to when the statutory period began to run. In the *Collado* case the action was described in the caption as one for the cancellation of an instrument, for the recovery of money, and for damages. The prayer was for a judgment: (*a*) Adjudging a certain instrument of sale with agreement for resale to be void, and ordering the cancellation thereof in the registry of property; (*b*) ordering the delivery of possession by defendants; (*c*) ordering the payment to plaintiffs by defendants of $700

collected as rental and (*d*) awarding to plaintiffs $2,000 as damages with costs, disbursements, and attorneys' fees. The essential averments of the complaint are stated in the opinion. Practically the only question submitted or decided was as to whether the contract in question was voidable or void.

In neither of these cases was the attention of this court directed to any distinction between the action for nullity referred to in section 1268, *supra,* and an action to have a deed of conveyance adjudged to be a mortgage.

Section 1268 reads as follows:

"The action for nullity shall last four years.

"This term shall commence to run:

"In cases of intimidation or violence from the day on which it has ceased;

"In those of error or deceit or falsity of consideration, from the date of the consummation of the contract;

"When the purpose of the action is to invalidate contracts made by a married woman, without consent or competent authority, from the date of the dissolution of the marriage;

"And when it refers to contracts executed by minors or incapacitated persons, from the date they were released from guardianship."

The various subdivisions fixing the time when the statutory period shall begin to run, as well as the preceding and subsequent sections contained in the same chapter, indicate in a general way the class of action here contemplated by the framers of the code.

In the instant case the complaint does not proceed upon the theory of fraud, of duress, of deceit or upon any of the usual grounds of an action for nullity. As stated at the outset of our opinion, it is a revendicatory action. As also pointed out in the opinion, the character of the document construed by the court sufficiently appears from the face thereof. In so far as plaintiffs' cause of action may be said to depend upon the true character of the contract in question, the action is one to have that contract construed and its nature determined by the court. So regarded, it is not an

action for nullity, but one to have a contract adjudged to be in fact what it appears to be on its face. If the action be regarded as one to have a deed of conveyance decreed to be a mortgage, still it is not an action for nullity but an action to have the contract adjudged to be what it was in fact from the beginning, in accordance with the intention of the parties as disclosed by evidence *aliunde* supplementing and explaining the terms of the instrument.

The action was not barred by the four years' statute of limitation, and the motion for rehearing must be denied.