Félix Ochoteco, Plaintiff and Appellee, *v.* Ramón Córdova et al., Defendants and Appellants.

No. 6186. Argued January 18, 1934.—Decided September 29, 1934.

*Artemio P. Rodríguez* for appellants. *Dubón & Ochoteco* for appellee.

Mr. Justice Wolf delivered the opinion of the Court.

Félix Ochoteco Jr. sued Ramón Córdova Díaz and Francisco López Sánchez to recover the sum of $450 as principal and $100 for costs and fees. All of this was evidenced by a promissory note.

As a result of the pleadings and the evidence at the trial there is no doubt that the two mentioned defendants owed the plaintiff the amount claimed. The defendants, however, filed an answer setting up a reconvention.

The plaintiff signed a writing which with its endorsement reads as follows:

"San Juan, P. R., November 2, 1927.—Received on this date from Mr. Ramón Córdova the sum of $500 United States legal currency, as a loan, to be disposed of according to his instructions and at the time he may deem best. (signed:) Félix Ochoteco Jr.— I assign and conveyed to Mr. Francisco López Sánchez, for value received, the credit of $500 which according to the above subscribed document Mr. Félix Ochoteco Jr. owes me and consequently said Mr. Francisco López Sánchez is subrogated in my stead to collect the said sum from the debtor and to enforce or prosecute any right or action accruing to me, and to that effect I declare that I have not collected the said credit nor disposed of it in any form. Cataño, P. R., June 1, 1931.—(signed:) Ramón Córdova."

After the defendants at the trial had introduced this document the plaintiff was allowed to present evidence to show that the document in form of receipt of $500 was in point of fact a deposit made to Ochoteco for a distinct purpose which we shall presently discuss. The court agreed with all the contentions of the plaintiff and rendered judgment

for the amount claimed by him. There are numerous assignments of error, but as the parties themselves agree, the majority of them are directed to the refusal of the court to exclude testimony to vary the terms of the written document. Other assignments of error relate to the alleged insufficiency of the evidence which in order to give a clearer idea of the facts we shall first consider.

It transpires that Jorge Romero and his wife had a bankruptcy suit and offered a composition to their creditors. The defendant Córdova was one of these creditors. The proof of the plaintiff tended to show that Mr. Córdova turned over the $500 expressed in the receipt, not as a loan to Mr. Ochoteco, but as a deposit with the latter for the purpose of paying it into the bankruptcy court to aid the debtors in the composition offer. The testimony of Mr. Ochoteco to this effect was corroborated by the testimony of Mr. Francis, attorney for the bankrupts, who said that he receive $450 in a check from Mr. Ochoteco. About the remaining $50 there is no question.

■■ Now the appellants insist that the evidence to vary the terms of the written document consisted principally in the testimony of the plaintiff Ochoteco himself. The testimony of a single witness is sufficient, if the court believes it and similarly to the court below we find no reason to doubt it. Moreover, the testimony of the plaintiff was corroborated by Mr. Francis and in other ways; in fact by the terms of the document itself.

The appellants likewise insist that the testimony of Mr. Francis was totally inadmissible because it was not material or relevant to the case and did not necessarily corroborate. Where the question is whether the payment was made for a certain purpose or turned over into court the testimony of another person to the same effect is relevant, material and, of course, corroborative.

■ The supposed master objection in this case is the admission of the oral testimony; that the admission of this

testimony was in violation of Section 25 of the Law of Evidence which reads thus:

"Section 25.—When the terms of an agreement have been reduced to writing by the parties, it is to be considered as containing all those terms, and therefore there can be between the parties and their representatives, or successors in interest, no evidence of the terms of the agreement, other than the contents of the writing, except in the following cases:

"1. Where a mistake or imperfection of the writing is put in issue by the pleadings;

"2. Where the validity of the agreement is the fact in dispute;

"But this Section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates, as defined in Section twenty-eight, or to explain an extrinsic ambiguity, or to establish illegality or fraud. The term 'agreement' includes deeds and wills, as well as contracts between parties."

Mr. Ochoteco testified that when he wrote into the receipt "as a loan" he meant to say "as a deposit." The appellants draw our attention to the fact that there was no pleading filed to put in issue the alleged mistake or imperfection in the document. The appellee correctly maintains that when a reconvention is filed, the same as any other answer, its terms are put in issue by the Code of Civil Procedure, Section 132. It was not necessary for the plaintiff to file any other pleading in order to show the alleged mistake. The question of whether there was a mistake or not becomes merged in the principal considerations of this opinion.

The court below based its ruling on the right to admit parol evidence to vary the terms of the receipt by a citation from Jones on Evidence, Civil Cases, Third Edition, Section 491, as follows:

"Parol Evidence to Explain Receipts.

"It has been long well settled that a written receipt for the payment of money is not conclusive, and that it is open to explanation by parol. Receipts are usually general in their expressions, and many matters not considered at the time might be controlled by such general expressions contrary to right and to the intention of

the parties hence such instruments are generally treated as admissions open to explanation, and not as conclusive. So it may be shown that a receipt purporting to be for money was in fact given for securities. Receipts which are executed in the form of releases under seal purporting to be in full of all demands may be explained by proof of fraud or mistake. Where the receipt purports to be a full settlement or compromise of a claim the courts have frequently refused to admit parol proof of the omission of other terms or conditions, the document being considered as contractual. But, by great weight of authority, the mere fact that a receipt expresses on its face that it is 'in full' of all demands does not preclude admission of parol evidence to vary its effect.''

We do not question that this jurisprudence was applicable. The appellants say, in effect, that the receipt was a contract but the citation shows that whether it was a contract or not would make no difference.

On appeal, it transpires that the appellee relies partly on the fact that the real consideration of a contract may be proved by parol evidence citing 22 C. J. 1157, Section 1555.

The following citation from the Law of Evidence has some application:

''Sec. 101.—The following presumptions, and no others, are demed conclusive:

''1.—    *    *    *    *    *    *    *

''2.—The truth of the facts recited, from the recital in a written instrument between the parties thereto, or their successors in interest by a subsequent title; but this rule does not apply to the recital of a consideration;

''*    *    *    *    *    *    *''

Section 1241 of the Civil Code provides:

''In contracts, involving a valuable consideration, the prestation or promise of a thing or services by the other party is understood as a consideration for each contracting party; in remuneratory contracts, the service or benefits remunerated, and in those of pure beneficence, the mere liberality of the benefactor.''

Under this Section, and generally, it is evident that the real consideration flowing from Ochoteco to Córdova was not

that Ochoteco was under an obligation to return the money but that he was under an obligation to deposit the same in the Federal Court.

For ourselves, we think that a stronger exception to the rule forbidding parol evidence is to be found in the words of Section 25 itself:

"But this Section does not exclude other evidence of the circumstances under which the agreement was made or to which it relates as defined in Section twenty-eight, or to explain an extrinsic ambiguity, or to establish illegality or fraud."

In part this exception is equivalent expressed in 22 C.J. 1259, par. 1679:

"It is generally considered that parol evidence is admissible where it is offered, not for the purpose of varying the terms of a written contract, but for the purpose of explaining and showing the true nature and character of the transaction evidenced thereby, especially where it is plain that the language used, taken in its literal sense, does not exhibit the real transaction, or where the writing is assailed on the ground of fraud. Applications of this principle are to be found in those cases where evidence has been admitted to show that, although a writing evidences upon its face an absolute transfer of property or an absolute promise to pay money, the real transaction consisted merely in the giving of security or indemnity, or that the grantee in a written instrument, such as a deed, assignment, bill of sale or the like, which on its face passes the title to property, took the title subject to a trust. So also it may be shown that a conveyance by a parent to a child was intended as an advancement; that an indorsement of negotiable paper was merely for the purpose of collection; or that a transaction legal so far as appears by the writing was in fact usurious."

In the notes reference is made to the case of *Brick* v. *Brick,* 98 U.S. 514, where the court permitted parol evidence to show that a certificate of stock, issued to the petitioner as owner, was delivered to him as security for the loan of money. The court cited *Pough* v. *Davis,* 96 U.S. 336, where evidence was permitted to show that where an instrument was in form a conveyance it was in fact a security. Both

of those cases were cited later in *Cabrera* v. *American Colonial Bank*, 214 U.S. 224, on appeal from the U.S. District Court for Puerto Rico. The second syllabus of this case is as follows:

"The face of an instrument is not always conclusive of its purpose; and in equity, extrinsic evidence is admissible to show that a conveyance, absolute in form, is intended as security; and in this case testimony addressed to the consideration of the bill of sale, and showing that although on its face the vendee agreed to give up its debt the real consideration was to help the vendor and give the vendee additional security, would be admissible under our own, as well as the Spanish law; and *quaere* whether the Spanish law does not permit oral testimony, as to all the terms of a contract upon an equal footing with the written instrument itself, to an extent beyond that which our own law permits."

In the margin of this report on pages 232 and 233 there were a considerable number of excerpts from the Law of Evidence in Puerto Rico, including Sections 25, 28 and 101. The court likewise refers, as a support to its opinion, to *Horton* v. *Robert,* 11 P.R.R. 168. The court will always look at the real transaction between the parties.

We have also examined the original decision in the Federal Court, III Puerto Rico Federal Reports, page 14, likewise citing *Pough* v. *Davis, supra,* and saying that the court looks beyond the terms of the instrument to the real transaction.

The appellants find some comfort in *Monagas* v. *Albertucci*, 17 P.R.R. 684. How, there was a dictum in that opinion which said that parol evidence was inadmissible to show that a contract of sale, with right of redemption, could not be shown to be a mortgage. If, however, the opinion is read with care, it will be seen that his court really decided that there was not enough evidence to show the existence of a mortgage.

This also appears when one considers the case on appeal to the Supreme Court of United States, *Monagas* v. *Alber-*

*tucci*, 235 U. S. 81, 87, where the court, through Mr. Justice White, said as follows:

"But when the statement we have made of the case is considered, the proposition rests upon the plainest misconception of the action of the court below since, as we have seen its conclusion that error had been committed by the trial court in holding that the contract of sale was one of mortgage did not arise from a ruling that there was a want of power to admit any testimony for such purpose, but from the fact that the particular testimony which was offered and received over objection was found, after considering and weighing it, to bear no legal relation to such purpose and hence not to afford any probative force tending to support the varying of the contract."

See also *Cuyugan* v. *Santos,* 34 Philippine Reports 100, with its citations of *Monagas* v. *Albertucci, supra.*

. So we arrive at the conclusion that whether the parol evidence was admitted to show the real nature of the receipt or to show that the consideration of the contract was other than expressed, or else to show what the real transaction was, the whole matter analyzed, points exactly to the same truth, namely that to show the real contract, nexue, or relation between the parties parol evidence was admissible.

We likewise think, given the clear nature of the proof, that to exclude this evidence would have amounted to a fraud against the plaintiff. In other words, to make him pay something without any real consideration therefor. The courts will not suffer the parol evidence rule to cloak a fraud.

Another assignment of error was that the District Court of San Juan was without jurisdiction by reason of the claim being less than $500. The promissory note on its face shows that the claim was for $450, plus the $100 for costs and attorney's fees, sufficiently well within the amount for which the district court takes jurisdiction.

The judgments appealed from will be affirmed.